**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

WILLIAM F. FARKAS,
Petitioner,

v.

DIRECTOR, OFFICE OF WORKERS'

COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR;
VALLEY CAMP COAL COMPANY,
Respondents.

No. 94-2082

On Petition for Review of an Order
of the Benefits Review Board.
(91-2038-BLA)

Submitted: March 14, 1995

Decided: September 30, 1996

Before WIDENER and HALL, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Reversed and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

William F. Farkas, Petitioner Pro Se. Patricia May Nece, Dorothy L.
Page, UNITED STATES DEPARTMENT OF LABOR, Washington,
D.C.; Ronald Bruce Johnson, MCDERMOTT, BONENBERGER,
MCDERMOTT & GALLAWAY, Wheeling, West Virginia, for
Respondents.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

William Farkas petitions for review of a decision of the Benefits Review Board (Board) affirming an Administrative Law Judge's (ALJ) denial of his claim for black lung benefits. In his ultimate decision in this case, the ALJ found the evidence of record sufficient to invoke the interim presumption of entitlement pursuant to 20 C.F.R. § 727.203(a)(2) (1996), but also sufficient to establish rebuttal under § 727.203(b)(4) (1996). We must affirm the Board's decision if it is supported by substantial evidence and is in accordance with law. See Doss v. Director, Office of Workers' Compensation Programs, 53 F.3d 654, 658 (4th Cir. 1995).

The evidence in this case relevant to the issue of subsection (b)(4) rebuttal consisted of three negative X-rays and two physicians' reports, prepared by Drs. Lapp and Hannon, respectively. Negative X-rays, however, are insufficient, alone, to defeat a claimant's entitlement to benefits. See 30 U.S.C. § 923(b) (1988); Usery v. Turner/ Elkhorn Mining Co., 428 U.S. 1, 12 (1976). Hence, the Respondent, Valley Camp Coal Company (employer) could only rebut the presumption if the medical opinion evidence also demonstrated the absence of pneumoconiosis, as that term is legally defined. See Barber v. Director, Office of Workers' Compensation Programs, 43 F.3d 899, 901 (4th Cir. 1995).

We agree with the position of the Director, Office of Workers' Compensation Programs (Director), that Dr. Lapp's opinion is insufficient as a matter of law to disprove the presence of legal pneumoconiosis. His finding that the miner's chronic bronchitis is "most likely" attributable to cigarette smoking fails to address the possibility that coal dust exposure was also a causal factor which contributed to or aggravated the miner's condition, and therefore fails to prove the absence of pneumoconiosis as a matter of law. Id. at 901.

2

We also agree with the Director, though not for every reason she provides, that Dr. Hannon's report is ultimately insufficient to establish rebuttal. After conducting a complete pulmonary exam, Dr. Hannon found that the miner's pulmonary function study results were substandard due to lack of maximum effort, and that blood gas studies revealed mild hypoxia and a significant ventilation, perfusion abnormality. He opined, however, that these problems were not related to coal dust exposure and found no coal workers' pneumoconiosis.

The Director asserts that Dr. Hannon could not render a credible opinion regarding the cause of the miner's impairment when he erroneously failed to recognize its existence in the first place. We note, however, that Dr. Hannon never specifically found the absence of a pulmonary impairment. Rather, he merely noted the presence of abnormalities on blood gas testing without elaborating as to whether such abnormalities indicated the presence of an impairment, and, in another section of his report, stated that the miner's ability to walk, climb, lift, and carry were unaffected by pulmonary disease. In any event, we note that the Director's brief concedes that a finding of no impairment would not necessarily be inconsistent with invocation of the interim presumption under subsection (a)(2). Thus, even if we assumed that Dr. Hannon found the absence of any impairment, this fact would not necessarily discredit his report.

More crucial to our analysis of Dr. Hannon's report, however, are his comments relating to whether coal dust exposure contributed to or aggravated the respiratory conditions he diagnosed. Dr. Hannon completed his report on a Department of Labor form designed for the medical assessment of black lung claimants. Section 7(c) of that report asks the physician for a diagnosis pertaining to the miner's cardiopulmonary system. Dr. Hannon responded to this section by referencing the results of the miner's ventilatory and blood gas test results, and finding no coal workers' pneumoconiosis. Section 7(d) of the report then asks whether any of the conditions diagnosed in the preceding section were related to coal dust exposure, and requests the physician to provide a medical rationale for his"yes" or "no" answer. Dr. Hannon checked the "no" box, but provided no rationale.

The Respondent, Valley Camp Coal Company (employer), argues that Dr. Hannon properly provided no further explanation because his

3

comments regarding the results of the blood gas studies did not constitute a diagnosis pertaining to the miner's cardiopulmonary system. As noted, however, the comments were made in the "Diagnosis" section of his report, and the fact that those comments noted abnormalities magnified the need for Dr. Hannon to provide a rationale for his opinion that coal dust exposure did not contribute to any diagnosed condition. Absent such explanation, Dr. Hannon's opinion on this critical opinion is entirely conclusory, and therefore insufficient to rebut the presumption of entitlement.

Accordingly, the decision of the Board is reversed, and the case is remanded with directions to enter an appropriate award of benefits. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

REVERSED AND REMANDED WITH INSTRUCTIONS

4