**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

GLEN MULLINS,

Petitioner,

v.

ARCH OF WEST VIRGINIA,

INCORPORATED; DIRECTOR, OFFICE OF
WORKERS' COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF
LABOR,

Respondents.

No. 95-2844

On Petition for Review of an Order
of the Benefits Review Board.
(94-167-BLA)

Argued: October 31, 1996

Decided: February 10, 1997

Before WILKINSON, Chief Judge, LUTTIG, Circuit Judge, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** S.F. Raymond Smith, RUNDLE & RUNDLE, L.C.,
Pineville, West Virginia, for Petitioner. Henry Chaplin Bowen, ROB-
INSON & MCELWEE, Charleston, West Virginia, for Respondents.
**ON BRIEF:** C. Scott Masel, ROBINSON & MCELWEE, Charles-
ton, West Virginia, for Respondent Arch of West Virginia.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Glen Mullins seeks review of the Benefit Review Board's (Board) decision and order affirming the administrative law judge's (ALJ) denial of black lung benefits pursuant to 30 U.S.C.A. §§ 901 et seq. (West 1986 & West Supp. 1996). Our review of the record discloses that the Board's decision is based upon substantial evidence and is without reversible error. Accordingly, we affirm.

In order to establish a statutory entitlement to black lung benefits, a claimant must show that he or she suffers from pneumoconiosis that arose from coal mining employment and resulted in total disability. 20 C.F.R. §§ 718.202-.204 (1996). In this case, the ALJ determined that Mullins is not entitled to benefits because he failed to demonstrate that his pneumoconiosis has resulted in total disability, and the Board affirmed.

Mullins' primary argument on appeal involves the ALJ's authorization of posthearing medical tests. In Mullins' view, the admission into evidence of these tests abrogated his right to a fair hearing.

An ALJ presiding over a claim for black lung benefits has broad discretion in procedural matters, 20 C.F.R. 725.455(c) (1996); Shedlock v. Bethlehem Mines Corp., 9 B.L.R. 1-195, 1-200 (1986), including the authority to reopen the record after the hearing for the purpose of further developing issues. 20 C.F.R.§ 725.456(e) (1996). Of course, exercising this discretion in a way that deprives either party of its due process right to a fair hearing constitutes an abuse of that discretion. See North American Coal Co. v. Miller, 870 F.2d 948, 950 (3d Cir. 1989).

Under the circumstances of this case, the ALJ did not abuse his discretion by authorizing the posthearing medical tests. At the hearing,

2

Mullins offered the results of a blood gas test, and the employer offered the results of a second, nearly contemporaneous blood gas test. While Mullins' test produced qualifying results, the employer's test did not. Neither party's medical experts offered a convincing explanation for the inconsistency in these objective tests. Sometime after the hearing, the employer requested an opportunity to conduct a third, independent blood gas test. The ALJ granted this request because, as noted in his decision and order, he believed the additional test results would help to resolve the claim. Given the inconclusive state of the record, this ruling did not exceed the scope of the ALJ's discretionary authority to develop the record. See 20 C.F.R. § 725.456(e).

Although Mullins acknowledges an ALJ has the authority to reopen a record, he claims the ALJ's decision to permit additional testing in this case denied him a fair hearing. However, the only procedural right he claims to have been denied is a purported right to have the evidentiary record closed at the end of the hearing. The difficulty with this contention is that no such right exists where, as in this case, the ALJ determines that the record is inconclusive on a material issue and that additional evidence would aid the decision-making process.

In addition to the due process argument, Mullins also challenges the sufficiency of the evidence. Specifically, he asserts that the ALJ's finding that he has not been totally disabled by pneumoconiosis is erroneous.

Our review of this finding is limited to whether it is supported by substantial evidence. Toler v. Eastern Associated Coal Co., 43 F.3d 109, 114 (4th Cir. 1995). Although the record includes medical tests and opinions supporting Mullins' claim of disability, it also includes a substantial amount of evidence indicating he does not meet the legally prescribed standard for total disability. As the fact-finder, the ALJ is responsible for evaluating witness credibility and weighing contradicting evidence. Doss v. Director, Office of Workers' Compensation Programs, 53 F.3d 654, 658 (4th Cir. 1995). Performing that function here, the ALJ found that the preponderance of evidence weighs in favor of the employer. After careful review of the record, we find, as the Board did, that the ALJ's finding is supported by sub-

3

stantial evidence. In light of our disposition of this claim, we do not reach the causation issue Mullins raises.

AFFIRMED

4