UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

PEERLESS EAGLE COAL COMPANY,
Petitioner,

v.

ESCAR E. TAYLOR; DIRECTOR, OFFICE

No. 96-1500

OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR,
Respondents.

On Petition for Review of an Order
of the Benefits Review Board.
(93-1558-BLA)

Submitted: January 28, 1997

Decided: February 27, 1997

Before MURNAGHAN, ERVIN, and WILKINS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John Payne Scherer, Sr., FILE, PAYNE, SCHERER & FILE, Beck-
ley, West Virginia, for Petitioner. George P. Surmaitis, CRANDALL,
PYLES & HAVILAND, Charleston, West Virginia, for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Peerless Eagle Coal Company (employer), for the second time, petitions for review of a decision of the Benefits Review Board (Board) affirming an administrative law judge's (ALJ) decision to grant Escar Taylor's application for black lung benefits. In our prior consideration of this case, we affirmed all findings of the ALJ except for those relating to the issue of whether the miner established pneumoconiosis. We reversed the ALJ's finding of pneumoconiosis on the basis of X-rays under 20 C.F.R. § 718.202(a)(1) (1996), but remanded for the Board to consider the propriety of the ALJ's finding of pneumoconiosis based on the medical opinion evidence under subsection (a)(4). The Board did not address this question in its first decision because it affirmed the ALJ's finding of pneumoconiosis under subsection (a)(1). On remand, the Board affirmed the ALJ's finding of pneumoconiosis under subsection (a)(4).

We must affirm the decision of the Board if the Board properly decided that the ALJ's findings are supported by substantial evidence. Doss v. Director, Office of Workers' Compensation Programs, 53 F.3d 654, 658 (4th Cir. 1995). In this case, the Board determined that substantial evidence supported the ALJ's decision to credit the medical opinions of Drs. Gaziano and Rasmussen, finding pneumoconiosis, over Dr. Zaldivar's opinion that Taylor does not suffer from the disease. Employer contends that the Board and ALJ erred by finding the opinions of Drs. Gaziano and Rasmussen supported by the miner's symptoms, physical examination, X-ray and ventilatory studies.

Contrary to employer's assertion, the reports of Drs. Gaziano and Rasmussen are well documented. These physicians considered the miner's work, medical, and social histories, as well as the results of medical testing, in forming their conclusions. Moreover, the underly-

2

ing data support their conclusions. Both physicians noted wheezing, dyspnea, and a chronic cough which produced sputum. Dr. Gaziano noted rhonchi throughout both lung fields. Both found that the miner's X-rays showed pneumoconiosis, and that his ventilatory studies revealed an obstructive impairment. Although employer argues that the ventilatory studies failed to meet the regulatory criteria for disability, this fact in no way excludes a diagnosis of pneumoconiosis.

Employer also avers that the ALJ ignored Dr. Zaldivar's report. The ALJ's opinion, however, discloses that she thoroughly considered Dr. Zaldivar's report but found that the opinions of Drs. Gaziano and Rasmussen were better reasoned and documented. She was particularly swayed by Dr. Zaldivar's failure to explain his reasons for concluding that smoking was the sole cause of the miner's breathing impairment, unless asthma was somehow contributing, and that coal dust exposure played no role at all. The ALJ found the opinions of Drs. Gaziano and Rasmussen more persuasive on this point. These physicians noted that the miner worked in the mines for thirty-two years, mostly in dusty conditions, and that his smoking history was light and limited to his youth. These facts, together with the miner's symptoms and medical testing, led them to trace the miner's pulmonary problems to pneumoconiosis. Accordingly, we find that the ALJ acted within her discretion by crediting the opinions of Drs. Gaziano and Rasmussen over the report of Dr. Zaldivar. See Grizzle v. Pickands Mather & Co., 994 F.2d 1093, 1096 (4th Cir. 1993).

Employer contends that the Board, ALJ, and physicians finding pneumoconiosis also erred by failing to consider evidence showing that the miner did not leave coal mining for medical reasons, did not need medication for breathing problems, and led an active life after leaving the mines. We agree with the Board, however, that such evidence is not relevant to whether the miner suffered from pneumoconiosis, as even if all the facts asserted by the employer are true, the miner could still have pneumoconiosis.

Finally, employer asserts that the Board erred by finding harmless the ALJ's misstatement that Dr. Gaziano examined the miner three times when, in fact, he only examined him twice. Employer contends that the misstatement demonstrates that the ALJ did not carefully

review the evidence. We have already considered and rejected this argument in our prior decision.

Accordingly, because we find that substantial evidence supports the ALJ's finding of pneumoconiosis, the decision of the Board is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4