**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BLAINE COPLEY,
Petitioner,

v.

ARCH OF WEST VIRGINIA,

INCORPORATED; DIRECTOR, OFFICE OF
WORKERS' COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF
LABOR,
Respondents.

No. 96-2234

On Petition for Review of an Order
of the Benefits Review Board.
(96-574-BLA)

Argued: December 5, 1997

Decided: February 17, 1998

Before WILKINSON, Chief Judge, ELLIS,
United States District Judge for the Eastern District of Virginia,
sitting by designation, and MERHIGE, Senior United States District
Judge for the Eastern District of Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Roger Daniel Forman, FORMAN & CRANE, L.C.,
Charleston, West Virginia, for Petitioner. Douglas Allan Smoot,

JACKSON & KELLY, Charleston, West Virginia, for Respondents.
**ON BRIEF:** David L. Yaussy, ROBINSON & MCELWEE, Charleston, West Virginia, for Respondent Arch of West Virginia.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Blaine Copley petitions for review of a decision by the Benefits Review Board ("Board") affirming the denial of his claim for benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901-945 (1986). Because we find that the Administrative Law Judge ("ALJ") and the Board properly evaluated the x-ray and medical opinion evidence, we affirm the order of the Board.

I.

Copley worked in the coal industry for twenty-nine years. His last period of employment was with the respondent, Arch of West Virginia. Copley retired in 1989 and claimed total disability from pneumoconiosis resulting from his work in the coal mines. He applied for black lung benefits on January 30, 1990, and the Department of Labor ultimately denied benefits. After a hearing, the ALJ denied Copley's claim for benefits, finding that Copley failed to establish either total disability or pneumoconiosis. On appeal, the Board affirmed, finding that Copley failed to establish that he had pneumoconiosis.[1]

This Court found that the ALJ had improperly evaluated the x-ray evidence, vacated the ALJ's order, and remanded to the Department

_____

[1] Because the Board concluded that Copley failed to establish the presence of pneumoconiosis, they chose not to address the ALJ's conclusion as to total disability.

2

of Labor for reconsideration. Specifically, the Court held that the ALJ's "head counting" method of resolving conflicting interpretations of x-rays based on which interpretation had the support of the majority of physicians was improper. See Copley v. Arch of West Virginia, Inc., 28 F.3d 1208 (4th Cir. 1994) (unpublished opinion); see also Sterling Smokeless Coal Co. v. Akers, 1997 WL 772847 at *1-2 (4th Cir. 1997). On remand, the ALJ again found that Copley had failed to establish that he had pneumoconiosis. After the ALJ denied Copley's motion for reconsideration, the Board affirmed the ALJ's order. This appeal followed.

II.

On appeal from a decision of the Benefits Review Board, the Court reviews only for errors of law and to verify that the Board has used the proper standard for review of factual determinations made by the administrative law judge. See Doss v. Director, OWCP, 53 F.3d 654 (4th Cir. 1995). The Board reviews the ALJ's factual findings to determine if they are supported by substantial evidence. See id. at 658.

Other than stating that an ALJ should not render a decision on the x-ray evidence by simply comparing the number of positive and negative readings, the Court's opinion remanding the case to the Department of Labor did not specify how the x-rays should be weighed. In Adkins v. Director, OWCP, 958 F.2d 49 (4th Cir. 1992), the Court stated that in evaluating conflicting interpretations of x-rays, an ALJ is required to consider the relative qualifications of competing physicians in conducting its review. See also Sterling Smokeless Coal Co. v. Akers, 1997 WL 772847 at *1-2 (4th Cir. 1997). In addition, the Department of Labor's regulations state that "where two or more X-ray reports are in conflict, in evaluating such X-ray reports consideration shall be given to the radiological qualifications of the physicians interpreting such X-rays." 20 C.F.R. § 718.202(a)(1).

On remand from this Court, the ALJ evaluated the conflicting readings of the x-rays by giving the greatest weight to the opinions of Dr. Wiot, who is one of the developers of the system for reading x-rays for pneumoconiosis, and Dr. Spitz. Both are B readers, Board Certi-

3

fied Radiologists,**2** and Professors of Radiology at the University of Cincinnati. Their readings of the x-rays constitute substantial evidence supporting the ALJ's decision that Copley did not prove that the x-ray evidence of record establishes the existence of pneumoconiosis pursuant to 20 C.F.R. § 718.202(a)(1).

III.

A claimant can also prove the existence of pneumoconiosis through reasoned medical opinions. 20 C.F.R. § 718.202(a)(4). An ALJ is not bound to accept the medical opinion of any given physician and may weigh the conflicting evidence and draw his own inferences. The ALJ in Copley's case credited the reasoned medical opinion of Dr. Zaldivar that Copley does not have pneumoconiosis over that of Dr. Ranavaya, who thought otherwise, because of Dr. Zaldivar's superior qualifications, which were of record. Dr. Ranavaya's credentials were not in the record. The ALJ's determination that Copley had not proven the existence of pneumoconiosis by reasoned medical opinion evidence pursuant to 20 C.F.R. § 718.202(a)(4) is supported by substantial evidence.

IV.

Copley urges the Court to find that he is totally disabled from his usual coal mine employment and entitled to benefits. On remand, the Court ordered the ALJ to revisit his determination regarding total disability if he concluded that Copley has pneumoconiosis. The ALJ did not conclude Copley has the disease, and therefore did not reconsider his finding regarding total disability. Accordingly, that finding is not before the Court, and we decline Copley's request to review the ALJ's determination on the issue of total disability.

_____

**2** A "B" reader has demonstrated proficiency in interpreting x-rays for the presence of pneumoconiosis by passing an examination the Appalachian Laboratory for Occupational Safety and Health administers. See 20 C.F.R. § 718.202(a)(ii)(E). A Board Certified Radiologist has been certified in radiology by the American Board of Radiology, Inc. or the American Osteopathic Association. See 20 C.F.R.§ 718.202(a)(ii)(C).

4

V.

Copley also charges that the ALJ's decision is biased and arbitrary. The Court sees no indication in the record of bias by the ALJ.

VI.

Based on the foregoing, the decision of the Board is affirmed.

<u>AFFIRMED</u>

5