**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ELMER G. CASEY,
Petitioner,

v.

ISLAND CREEK COAL COMPANY;

No. 98-1567

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR,
Respondents.

On Petition for Review of an Order
of the Benefits Review Board.
(97-867-BLA)

Submitted: October 20, 1998

Decided: November 13, 1998

Before WIDENER, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Daniel Sachs, WISENFELD & WALDMAN, P.D., Hyattsville,
Maryland, for Petitioner. Douglas A. Smoot, JACKSON & KELLY,
Charleston, West Virginia; Marvin Krislov, Deputy Solicitor, Donald
S. Shire, Associate Solicitor, Christian P. Barber, Michelle S. Ger-
dano, UNITED STATES DEPARTMENT OF LABOR, Washington,
D.C., for Respondents.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Elmer Casey petitions for review of a decision of the Benefits Review Board ("Board") affirming the administrative law judge's ("ALJ") denial of his application for black lung benefits pursuant to 30 U.S.C.A. §§ 901-945 (West 1994 & Supp. 1998). ALJ Johnson initially reviewed this claim under 20 C.F.R. Part 718 (1998), of the applicable regulations, and denied benefits based on his determination that the evidence of record failed to establish a totally disabling respiratory impairment. Casey filed a petition for modification within one year of ALJ Johnson's decision pursuant to 20 C.F.R.§ 725.310 (1998), and ALJ Mahoney considered the petition along with Casey's new evidence but still found the evidence of record insufficient to establish a totally disabling respiratory or pulmonary impairment. The Board affirmed. We must affirm the Board's decision if it properly decided that the ALJ's decision is supported by substantial evidence and is in accordance with law. See Doss v. Director, Office of Workers' Compensation Programs, 53 F.3d 654, 658 (4th Cir. 1995).

This appeal concerns only the issue of total disability, which under Part 718 is addressed at § 718.204(c) (1998). A miner may establish a totally disabling respiratory or pulmonary impairment under that provision by means of: (1) pulmonary function studies; (2) arterial blood gas studies, (3) evidence that the miner has pneumoconiosis and suffers from cor pulmonale with right-sided congestive heart failure; or (4) medical reports. See Lane v. Union Carbide Corp., 105 F.3d 166, 170-71 (4th Cir. 1997). In this case, all of the miner's pulmonary function studies produced non-qualifying values under Appendix B of Part 718, and he presented no evidence of cor pulmonale.

The blood gas studies produced mixed results. A November 1992 study produced resting values that qualified as prima facie evidence

2

of a totally disabling impairment under Appendix C of Part 718. The exercise portion of the study, however, produced non-qualifying values. In a March 1993 study both the miner's resting and exercise values qualified. An April 1993 study produced non-qualifying values at rest but no exercise test was performed. These results were duplicated at a November 1994 study. Both the at-rest and exercise portions of an August 1995 study produced qualifying values. Finally, in a January 1996 study, the miner's resting results were non-qualifying but his exercise values qualified.

Among the physicians who addressed the issue of disability, only Dr. Forehand found the presence of a totally disabling respiratory impairment. Drs. Sargent, Dahhan, Fino, Castle, Morgan, and Repsher all submitted contrary opinions. ALJ Mahoney found that while a preponderance of the blood gas evidence established a prima facie case of disability under the regulations, the conflicting pulmonary function evidence, and particularly, the medical opinion evidence, overcame the blood gas evidence such that the evidence overall failed to establish total disability under § 718.204(c).

On appeal, Casey does not challenge the reasoning employed by the ALJ for according greater weight to the evidence suggestive of no total disability. Rather, he contends that the ALJ could not credit the medical reports finding no total disability as a matter of law. In Casey's view, where the blood gas evidence demonstrates inadequate oxygen saturation, a medical opinion finding that a miner can nonetheless perform work sometimes requiring heavy labor is not a reasoned medical judgment. Moreover, Casey contends, such an opinion is hostile to the Black Lung Benefits Act and its implementing regulations, because it essentially disagrees with the criteria set forth in Appendix C for establishing disability. We disagree.

A miner can establish total disability under the four alternative means discussed only "[i]n the absence of contrary probative evidence." 20 C.F.R. § 718.204(c). See Lane, 105 F.3d at 171. Thus, if a claimant establishes a prima facie case of disability through one of the four means provided, the ALJ must then weigh all remaining evidence relevant to disability against such evidence and determine which is stronger. Our decision in Lane is indistinguishable from this case in the sense that in both cases, the ALJ relied on pulmonary

3

function studies and medical reports as "contrary probative evidence" sufficient to outweigh blood gas evidence which, in the absence of contrary evidence, could have established total disability.

Moreover, medical opinions which dispute the inference of total disability that may in appropriate circumstances be drawn from qualifying blood gas evidence are not hostile to the Act or the regulations. The Act requires consideration of all relevant evidence, see 30 U.S.C. § 923(b) (1994), and the drafters of the regulations not only specifically provided that blood gas evidence be weighed against contrary probative evidence but also recognized that blood gas studies are an imperfect tool for establishing disability. Hence, Appendix C states that the values contained in the tables provided do not establish "standards for determining normal alveolar gas exchange values for any particular individual." 20 C.F.R. Part 718, Appendix C. This language reflects that qualifying or non-qualifying values can mean different things for different people.

In this case, the miner's blood gas results varied greatly. While some physicians opined that such variability casted doubt on the reliability of the studies, they concluded that, even assuming their validity, this variability would be at odds with a pulmonary-based impairment. The physicians finding no disability also opined that, when adjusted for the miner's age, the qualifying values only reflected mild hypoxia. Further, because the miner's studies demonstrated little or no drop in oxygen tension with exercise, and his pulmonary function studies consistently reflected normal diffusion of carbon dioxide, the majority of the physicians of record concluded that the miner exhibited no significant abnormality of his blood gas transfer mechanisms. These physicians therefore concluded that the miner retained the respiratory capacity to perform his usual coal mine work.

Accordingly, substantial evidence supports the ALJ's finding of no total disability. The decision of the Board is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4