**Darrell A. DOSS, Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, United States Department of Labor; Itmann Coal Company, Respondents.**

No. 94–1399.

United States Court of Appeals, Fourth Circuit.

Argued March 8, 1995.

Decided May 18, 1995.

**ARGUED:** S.F. Raymond Smith, Rundle & Cooper, L.C., Pineville, WV, for petitioner. Sarah Marie Hurley, U.S. Dept. of Labor, Washington, DC, for respondent Director. Douglas Allan Smoot, Jackson & Kelly, Charleston, WV, for respondent Itmann Coal. **ON BRIEF:** Thomas S. Williamson, Jr., Sol. of Labor, Donald S. Shire, Associate Sol., Christian P. Barber, Counsel for Appellate Litigation, U.S. Dept. of Labor, Washington, DC, for respondent Director.

Before WILKINS and HAMILTON, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

Affirmed by published opinion. Senior Judge PHILLIPS wrote the opinion, in which Judge WILKINS and Judge HAMILTON joined.

## OPINION

PHILLIPS, Senior Circuit Judge:

Darrell A. Doss petitions for review of the Black Lung Benefits Review Board's decision and order affirming the administrative law judge's (ALJ) denial of his application for benefits pursuant to the Black Lung Benefits Act (the "Act"), 30 U.S.C.A. §§ 901–45 (West 1986 & Supp.1994). We hold that the ALJ and the Board properly refused to admit a report by the West Virginia Occupational Pneumoconiosis Board (WVOPB) into evidence and that the ALJ's conclusion that Doss is not totally disabled due to pneumoconiosis is supported by substantial evidence.

I

Doss, a twelve year, ten month veteran of the West Virginia coal mines with a twenty-five year cigarette habit, ceased working in July 1985 and applied for benefits under the Act in January 1987. He complained of shortness of breath, chest pains, and back and leg pain from a job-related leg injury.

The United States Department of Labor (DOL) identified Itmann Coal Company as the responsible operator. At DOL's request, Dr. Rasmussen examined Doss in March 1987; he considered Doss's medical and work history and conducted a physical exam and ventilatory and blood gas tests. He concluded that Doss might be totally disabled due to pneumoconiosis, possibly induced by coal mining, in the following equivocal passage:

This patient probably has moderate pulmonary impairment.... His pulmonary impairment would be sufficient to preclude his return to ... mining occupations requiring hard labor.

This loss of ability is a result of his lung disease. The pattern of impairment is consistent with interstitial-type lung disease of [which] coal workers' pneumoconiosis is an example.

J.A. 6–7. Despite Dr. Rasmussen's conclusions, the district director of the Office of Worker's Compensation Programs administratively denied his claim in July 1987.

Upon Doss's timely appeal, the matter was referred for a hearing de novo before an ALJ. In addition to Dr. Rasmussen's report, the evidence before the ALJ included:

(1) fourteen readings of five chest x-rays, with two positive readings and twelve negative.

(2) two pulmonary function test results, both nonqualifying under 20 C.F.R. § 718.204(c)(1).

(3) three arterial blood gas study results, one qualifying under 20 C.F.R. § 718.204(c)(2) and two nonqualifying.

(4) a report by Dr. Zalvidar, who examined Doss in August 1988 and concluded that he did not have pneumoconiosis, that he was able to perform arduous manual labor including mining work, and that any breathing impairment was due to his back injury, his smoking habit, and, possibly, congenital rib abnormalities.

(5) a report by Dr. Floresca, who examined Doss in September 1988 and concluded that he had advanced pneumoconiosis resulting from coal mining and was totally disabled.

(6) two reports by Dr. Fino, who reviewed Doss's medical records in September 1988 and concluded that Doss did not have pneumoconiosis and that any disability was due, not to a respiratory disease or coal dust inhalation, but to obesity, back pain, and, possibly, congenital rib abnormalities.

(7) a September 1988 report by Dr. Kress, who reviewed Doss's medical records and concluded that Doss did not have a significant respiratory impairment and that any disability was not due to coal workers' pneumoconiosis.

(8) a March 1987 report by the WVOPB who reviewed Doss's medical records and concluded that Doss suffered from 15% pulmonary impairment due to occupational pneumoconiosis.

Itmann objected to the admission into evidence of Claimant's Exhibit 1, which includes the WVOPB report, on the ground that Doss had possessed the report while his claim was pending before the district director but had neither submitted it to the district director nor offered any extraordinary circumstances to justify his failure to do so, as required by 20 C.F.R. § 725.456(d). The ALJ admitted the report over this objection.

The ALJ issued a decision in January 1989 awarding benefits to Doss. The ALJ found that Doss had established, through the reasoned medical judgment of physicians pursuant to 20 C.F.R. §§ 718.202(a)(4) and 718.204(c)(4), that he had pneumoconiosis and that he was totally disabled by the disease.[1] In so finding, the ALJ credited the reports of the two examining doctors who concluded that Doss was totally disabled by pneumoconiosis (Rasmussen and Floresca) over the report of the one examining doctor who concluded Doss was not disabled (Zalvidar) and over the report of a doctor who had reviewed Doss's records but had not actually examined Doss (Fino). Although the WVOPB report supported his conclusion, the ALJ found it unpersuasive because the doctors whose

---

1. The third element of the prima facie case, that the disease arose out of Doss's coal mine employment, was presumed under section 718.203(b) because Doss had a history of more than ten years coal mining employment.

opinions it reflected did not examine Doss personally.

Itmann appealed the award of benefits to the Benefits Review Board. In January 1991, the Board vacated the ALJ's admission of Claimant's Exhibit 1 into the record and remanded the case to the ALJ for determination under 20 C.F.R. § 725.456(d) whether the exhibit should be admitted. The Board also vacated the ALJ's finding that the medical evidence was sufficient to establish the presence of pneumoconiosis and total disability, on the grounds that the ALJ had not considered all the evidence. It remanded the case for reconsideration of those issues in light of the objective evidence and the physicians' reports that the ALJ previously had discredited or disregarded. Finally, the Board instructed the ALJ to consider evidence that some of the medical studies were invalid.

On remand, the original ALJ was no longer available, so another ALJ handled the case. In August 1992, that ALJ held that, because Doss offered no evidence of extraordinary circumstances to excuse his previous withholding of the WVOPB report, Claimant's Exhibit 1 should be excluded pursuant to 20 C.F.R. § 725.456(d). In addition, after weighing all the medical reports and objective evidence, the ALJ concluded that the existence of pneumoconiosis was not established under section 718.202(a)(4) and that total disability due to pneumoconiosis was not established under any subsection of section 718.204(c). In reaching this conclusion, the ALJ credited evidence that the blood gas study on which Dr. Floresca's opinion was based and the pulmonary study on which Dr. Rasmussen's opinion was based were invalid. He concluded that the opinions of Drs. Zalvidar, Fino, and Kress, as corroborated by the majority of the x-ray readings and other objective evidence, were better reasoned and more credible than the opinions of Drs. Floresca and Rasmussen. Accordingly, he denied benefits. In February 1994, the Board issued a decision and order affirming the ALJ's exclusion of Claimant's Exhibit 1 and denial of benefits.

This petition for review followed.

**II**

The language of the regulations governing the admission of Claimant's Exhibit 1 is unequivocal. 20 C.F.R. § 725.456(d) states that:

> Documentary evidence which is obtained by any party during the time a claim is pending before the deputy commissioner,[2] and which is withheld by such party until the claim is forwarded to the Office of Administrative Law Judges shall, notwithstanding paragraph (b) of this section, not be admitted into the hearing record in the absence of extraordinary circumstances, unless such admission is requested by any other party to the claim (see § 725.414(e)).

20 C.F.R. § 725.456(d). Section 725.456(b) provides:

> (1) Any other documentary material, including medical reports, which was not submitted to the deputy commissioner, may be received in evidence subject to the objection of any party, if such evidence is sent to all other parties at least 20 days before a hearing is held in connection with the claim.
>
> (2) ... If documentary evidence is not exchanged in accordance with paragraph (b)(1) of this section and the parties do not waive the 20–day requirement or good cause is not shown, the administrative law judge shall either exclude the late evidence from the record or remand the claim to the deputy commissioner for consideration of such evidence.

20 C.F.R. § 725.456(b). Section 725.414(e)(1) similarly provides:

> Any documentary evidence obtained by a party during the time a claim is pending before a deputy commissioner, which is withheld from the deputy commissioner or any other party to the claim, shall not be admitted in any later proceedings held with respect to the claim in the absence of extraordinary circumstances, unless the admission of such evidence is requested by the Director or such other party.

2. The deputy commissioner has been renamed the district director. 20 C.F.R. § 725.101(a)(11).

20 C.F.R. § 725.414(e)(1). The ALJ properly applied the above regulations to exclude the WVOPB report from evidence.

■ The Director, to whom we accord substantial deference in the interpretation of the regulations, *Mullins Coal Co. v. Director, OWCP*, 484 U.S. 135, 159, 108 S.Ct. 427, 429, 98 L.Ed.2d 450 (1987); *Shuff v. Cedar Coal Co.*, 967 F.2d 977, 979 (4th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 969, 122 L.Ed.2d 124 (1993), advocates a literal interpretation of these unambiguous provisions, and we agree. Doss possessed the report at the time that his claim was pending before the district director and could have submitted it then but did not do so. Rather, he withheld it until his claim was forwarded to the Office of ALJs. He has not introduced any evidence of extraordinary circumstances to justify his failure to timely submit the report. Its admission was not requested by the district director or by Itmann. Doss did not share it with all other parties at least twenty days before the original ALJ hearing; rather, Itmann gained access to the report less than twenty days before the ALJ hearing.[3] Itmann did not waive the twenty day requirement and Doss did not show good cause to justify its admission. Consequently, the regulations permit the ALJ to exclude the report from the record.

■ Rather than attempting to show that extraordinary circumstances justified his failure to disclose the report during the pendency of the DOL hearing, Doss argues that the report should be admitted for the following reasons: (1) his failure to timely disclose the report did not result in surprise to Itmann—not only did Itmann have the report at the time of the ALJ hearing, but two of Itmann's doctors had reviewed the WVOPB report and discussed it in their own supplemental reports which were admitted into evidence; (2) his late disclosure of the report did not result in delay in the resolution of the claim; and (3) he inadvertently, not deliberately, withheld the report. None of these reasons qualifies as an "extraordinary cir-

cumstance" to justify Doss's failure to meet the unambiguous requirements of the applicable regulations. Reading the regulation to allow the admission for any of the reasons proffered by Doss of medical evidence withheld by a party until after the claim is forwarded to the Office of ALJs absent extraordinary circumstances "would render meaningless the 'extraordinary circumstances' exception." *Adams v. Island Creek Coal Co.*, 6 B.L.R. 1–677, 1–680 (Ben. Rev. Bd.1983). We therefore hold that the ALJ properly excluded the exhibit under 20 C.F.R. § 725.456(d). *See Johnson v. Director, OWCP*, No. 92–9518, 1993 WL 490258 (10th Cir. Nov. 19, 1993); *Wilkes v. F & R Coal Co.*, 12 B.L.R. 1–1 (Ben. Rev. Bd.1988).

### III

■ To establish entitlement to benefits under the Act, a miner must prove that he has pneumoconiosis, that the disease was caused by his coal mine employment, and that he is totally disabled due to the disease. 20 C.F.R. §§ 718.202–.204; *Robinson v. Pickands Mather & Co./Leslie Coal Co.*, 914 F.2d 35, 36 (4th Cir.1990). The ALJ concluded, and the Board affirmed, that Doss failed to establish the presence of pneumoconiosis and his total disability due to the disease. Doss challenges the sufficiency of the evidence to support these conclusions.

■ The ALJ is charged with making factual findings, including evaluating the credibility of witnesses and weighing contradicting evidence. *United States Steel Corp. v. Bridges*, 582 F.2d 7 (5th Cir.1978). The Board reviews the ALJ's findings to determine if they are "supported by substantial evidence in the record considered as a whole." *Wilson v. Benefits Review Bd.*, 748 F.2d 198, 199–200 (4th Cir.1984). We "review only for errors of law, and to make certain that the Board adhered to its statutory standard of review of factual determinations." *Presley v. Tinsley Maint. Serv.*, 529

---

**3.** Even if Doss had disclosed the report twenty days before the ALJ hearing, its admission would

still have been subject to Itmann's objection.

F.2d 433, 436 (5th Cir.1976). Accordingly, we must affirm the Board if it properly determined that the ALJ's findings are supported by substantial evidence, keeping in mind that "a reviewing body may not set aside an inference merely because it finds the opposite conclusion more reasonable or because it questions the factual basis." *Smith v. Director, OWCP,* 843 F.2d 1053, 1057 (7th Cir.1988).

■ The evidence in the record supporting the ALJ's conclusions is clearly "more than a mere scintilla" and sufficiently substantial "as a reasonable mind might accept as adequate to support" the ALJ's conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). It includes: twelve negative x-ray readings; the well-reasoned medical opinions of three doctors, one of whom personally examined Doss and all of whom concluded that Doss was not disabled by pneumoconiosis; nonqualifying blood gas test results; and nonqualifying pulmonary function test results. In contrast, the evidence contradicting the ALJ's conclusions is less substantial and less persuasive: two positive x-ray readings, one qualifying blood gas test result, and the reasoned opinions of two doctors, one of whom personally examined Doss and both of whom relied on potentially inaccurate objective evidence in concluding that Doss was disabled by pneumoconiosis.

Therefore, finding the ALJ's findings to be supported by substantial evidence, we affirm.

*AFFIRMED.*