73 F.3d 360
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Fern WOODY, on behalf of Willard Woody, Petitioner,
v.
VALLEY CAMP COAL COMPANY; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 95-1816.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 2, 1995.
Decided Dec. 22, 1995.
 
 ARGUED: Ray Edmond Ratliff, Jr., Charleston, West Virginia, for Petitioner.
 Mary Rich Maloy, JACKSON & KELLY, Charleston, West Virginia, for Respondents.
 Before NIEMEYER and HAMILTON, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Fern Woody (the petitioner), on behalf of Willard Woody (Woody), petitions for review of a decision of the Benefits Review Board (the Board) affirming an administrative law judge's (ALJ) denial of benefits under the Black Lung Benefits Act, 30 U.S.C. Secs. 901-45. Because substantial evidence supports the finding that Woody was not totally disabled due to pneumoconiosis, we deny the petition for review.
 
 I.
 
 2
 Woody worked in mining for approximately fifteen years. His last mining job was with the respondent, Valley Camp Coal Company. On October 3, 1990, he filed this claim for black lung benefits, but he died before the administrative hearing on his claim was held. The petitioner, his widow, proceeded with his claim.
 
 
 3
 Following the administrative hearing, the ALJ determined that the petitioner failed to establish that Woody had pneumoconiosis or that Woody was totally disabled. The Board affirmed the ALJ's determination that the petitioner failed to establish Woody was totally disabled without reaching the issue of whether Woody had pneumoconiosis. The petitioner now petitions this court to review the Board's decision.
 
 II.
 
 4
 The Board reviews the ALJ's factual findings to determine whether they are supported by substantial evidence in the record. Doss v. Director, OWCP, 53 F.3d 654, 658 (4th Cir.1995). We review the Board's decision for errors of law and to ensure that the Board adhered to its statutory standard of review of factual findings. Id. "To that end, we undertake an independent review of the record, as in the place of the [Board], to determine whether the ALJ's factual findings were based upon substantial evidence in the record." Dehue Coal Co. v. Ballard, 65 F.3d 1189, 1193 (4th Cir.1995).
 
 
 5
 A miner is entitled to black lung benefits if: (1) he has pneumoconiosis; (2) the disease was caused by his coal-mine employment; and (3) he is totally disabled due to the disease. Doss, 53 F.3d at 658; see 20 C.F.R. Secs. 718.202-.204 (1995). Accordingly, we must uphold the denial of benefits in this case if substantial evidence supports the ALJ's finding that the petitioner failed to establish Woody was totally disabled due to pneumoconiosis. See Dehue Coal Co., 65 F.3d at 1193.
 
 
 6
 As relevant to this case, total disability due to pneumoconiosis may be established by pulmonary function tests or arterial blood-gas tests, by medical evidence showing that the miner had cor pulmonale with right sided congestive heart failure, or by reasoned medical opinions concluding that the miner's respiratory or pulmonary condition is totally disabling. See 20 C.F.R. Sec. 718.204(c)(1)-(4) (1995). In this case, the results of the pulmonary function tests and arterial blood-gas tests performed on Woody did not satisfy the regulatory standards for establishing total disability, and medical evidence did not show that he had cor pulmonale with right sided congestive heart failure. See 20 C.F.R. Sec. 718.204(c)(1)-(3) (1995). There was some conflict, however, among the medical opinions regarding whether Woody was totally disabled due to pneumoconiosis.
 
 
 7
 Having undertaken an independent review of the medical opinions and considered the petitioner's arguments, we conclude that substantial evidence supports the ALJ's finding that the petitioner did not establish Woody was totally disabled due to pneumoconiosis. In reaching the conclusion that Woody was not totally disabled due to pneumoconiosis, the ALJ relied on the medical opinions of Drs. Fino, Dahhan, and Loudon. Based on their evaluations of Woody's medical records, each of these doctors concluded that Woody was not totally disabled due to pneumoconiosis. Each doctor prepared a wellreasoned report explaining the basis for his conclusion. In particular, these doctors did not find any respiratory or pulmonary impairment resulting from exposure to coal dust.
 
 
 8
 The petitioner argues that the medical opinions of Drs. Dinwiddie, Hellwig, and Mohler establish Woody was totally disabled due to pneumoconiosis. The ALJ determined that Dr. Dinwiddie's opinion was equivocal, Dr. Hellwig's opinion was not well reasoned or well documented, and Dr. Mohler's conclusion that Woody was unable to exercise was not sufficient to establish total disability due to pneumoconiosis. After reviewing these medical opinions, we cannot say that the ALJ erred in discounting them. See Grizzle v. Pickands Mather & Co., 994 F.2d 1093, 1096 (4th Cir.1993) (holding that, subject to the substantial evidence requirement, the ALJ has sole power to resolve inconsistencies in the evidence).
 
 III.
 
 9
 Substantial evidence supports the finding that Woody was not totally disabled due to pneumoconiosis. Therefore, we deny the petition for review.
 
 
 10
 PETITION DENIED.