**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

VALLEY CAMP COAL COMPANY,
Petitioner,

v.

DIRECTOR, OFFICE OF WORKERS'

COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR;
SAMUEL J. MCKAY,
Respondents.

No. 95-2261

On Petition for Review of an Order
of the Benefits Review Board.
(92-0636-BLA)

Argued: December 5, 1996

Decided: January 7, 1997

Before WILKINSON, Chief Judge, and
ERVIN and HAMILTON, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Ronald Bruce Johnson, MCDERMOTT, BONENBER-
GER, MCDERMOTT & GALLAWAY, Wheeling, West Virginia, for
Petitioner. John George Paleudis, HANLON, DUFF, PALEUDIS &
ESTADT CO., L.P.A., St. Clairsville, Ohio, for Respondents.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Valley Camp Coal Company (Valley Camp) seeks review of a decision of the Benefits Review Board (the Board) upholding the administrative law judge's (the ALJ) decision to grant black lung benefits to Samuel McKay under the Black Lung Benefits Act of 1977 (the Act), 30 U.S.C. §§ 901-945. Because the ALJ's finding that McKay qualified for the irrebuttable presumption of total disability due to pneumoconiosis, see 20 C.F.R. § 718.304, is supported by substantial evidence, we deny Valley Camp's petition for review.

I.

McKay was born on September 2, 1914, and worked approximately forty-four years in coal mines. He worked for Valley Camp until 1978, when he retired.

In June 1990, McKay had a lung operation, the purpose of which was to remove a mass from his right lung, which his doctors feared was a cancerous growth. Dr. Alden G. McBee performed a gross and microscopic examination of the mass and diagnosed "Fibrosis, Anthracosis, And Focal Emphysema Consistent With Anthracosilicotic Macule Of Pneumoconiosis." (J.A. 10).

Dr. Richard L. Naeye subsequently examined the surgical pathological report, as well as four slides with tissue that had been removed at surgery, and reported that the tissue indicated moderately severe simple coal worker's pneumoconiosis, but not complicated coal worker's pneumoconiosis. Dr. Naeye also stated, however, that he did not have enough tissue to determine the overall status of coal worker's pneumoconiosis in McKay's lungs.

Dr. Robert B. Altmeyer examined McKay on two occasions, once in 1985 and once on July 12, 1991. Following his examination of

2

McKay on July 12, 1991, Dr. Altmeyer stated in his report that Dr. McBee's pathology report indicates a "complicated lesion of pneumoconiosis." (J.A. 48). However, after subsequently reviewing the pathology reports of both Dr. McBee and Dr. Naeye, Dr. Altmeyer testified in his deposition that Dr. McBee's pathology report does not describe complicated pneumoconiosis.

Finally, at least three qualified "B" x-ray readers* opined that preoperative x-rays from June 1990 showed a Category A opacity larger than one centimeter in diameter. Narrative reports of the x-rays referred to the x-ray findings as evidence of, or consistent with, "complicated pneumoconiosis."

On July 25, 1990, McKay filed a claim for benefits under the Act. McKay's claim was initially denied on September 18, 1990, on the ground that McKay had failed to present evidence of a material change in condition since a previous denial of benefits entered on October 1, 1985. McKay then filed a request for reconsideration, which was denied on November 13, 1990.

McKay subsequently requested a hearing before the Office of Administrative Law Judges, and on January 29, 1993, a hearing was held before an ALJ. After weighing all of the evidence, the ALJ found that McKay qualified for an irrebuttable presumption of total disability as a result of complicated pneumoconiosis under 20 C.F.R. § 718.304(a) and (b). The ALJ found that the description given by Dr. McBee, the pathologist who performed the initial examination of the mass removed from McKay's lung, indicated a "massive lesion." The ALJ found, therefore, that McKay qualified for the irrebuttable presumption of complicated pneumoconiosis under 20 C.F.R. § 718.304(b). See 20 C.F.R. § 718.304(b) (providing for irrebuttable presumption of total disability due to pneumoconiosis where biopsy or autopsy yields massive lesions in lung).

_____

*A "B" reader is a radiologist who has demonstrated his or her proficiency in assessing x-ray evidence of pneumoconiosis by successfully completing an examination conducted by or on behalf of the Department of Health and Human Services. Mullins Coal Co., Inc. of Virginia v. DOWCP, 484 U.S. 135, 146 n.16 (1987).

3

With regard to Dr. Naeye's report, the ALJ noted that Dr. Naeye did not have an opportunity to examine the entire section of removed lung tissue, but rather was limited to examining four microscopic slides. In addition, the ALJ noted that even Dr. Naeye qualified his opinion by stating that he did not have enough tissue "to determine the overall status of coal worker's pneumoconiosis in [McKay's] lungs." (J.A. 53).

Addressing Dr. Altmeyer's conclusions, the ALJ noted that Dr. Altmeyer placed great emphasis upon epidemiological studies indicating that complicated pneumoconiosis almost always occurs in the presence of a high profusion of simple pneumoconiosis. The ALJ concluded, however, that epidemiological studies of broad populations are of limited relevance to the particular circumstances of McKay's case. Therefore, the ALJ did not credit Dr. Altmeyer's conclusions.

The ALJ next considered the x-ray evidence and noted that several qualified x-ray readers had reviewed the preoperative x-rays and agreed that the lesion in McKay's right lung qualified as a Category A large opacity. Therefore, the ALJ concluded that these findings resulted in an irrebuttable presumption that McKay was totally disabled due to pneumoconiosis under 20 C.F.R. § 718.304(a). See id. § 718.304(a) (providing for irrebuttable presumption of total disability due to pneumoconiosis where chest x-ray diagnosis yields one or more opacities greater than one centimeter in diameter that would be classified in Category A, B, or C in specified classifications).

The Board affirmed the ALJ's decision on April 25, 1995. The Board found that the ALJ's finding that McKay qualified for the irrebuttable presumption of total disability due to complicated pneumoconiosis was supported by substantial evidence. Valley Camp petitions for review.

II.

A.

When a claimant appeals a denial of benefits under the Act, the ALJ is responsible for "making factual findings, including evaluating

4

the credibility of witnesses and weighing contradicting evidence." Doss v. DOWCP, 53 F.3d 654, 658 (4th Cir. 1985). The Board then reviews the ALJ's findings "to determine if they are `supported by substantial evidence in the record considered as a whole.'" Id. (quoting Wilson v. Benefits Review Board, 748 F.2d 198, 199-200 (4th Cir. 1984)). We review the Board's decision for errors of law and to ensure that the Board adhered to its statutory standard of review of factual determinations. Id. Thus, "we must affirm the Board if it properly determined that the ALJ's findings are supported by substantial evidence, keeping in mind that `a reviewing body may not set aside an inference merely because it finds the opposite conclusion more reasonable or because it questions the factual basis.'" Id. (quoting Smith v. DOWCP, 843 F.2d 1053, 1057 (7th Cir. 1988)).

B.

Valley Camp first asserts that the ALJ's factual findings were not supported by substantial evidence. Specifically, Valley Camp argues that the ALJ erroneously interpreted the medical evidence and relied on this interpretation in concluding that McKay qualified for the irrebuttable presumption of total disability due to complicated pneumoconiosis.

Valley Camp is correct that "an ALJ cannot substitute his or her opinion for that of a physician." Walker v. DOWCP, 927 F.2d 181, 184 n.4 (4th Cir. 1991). However, having considered the evidence on which the ALJ relied, we believe that his conclusion that McKay qualified for the irrebuttable presumption was supported by substantial evidence. The ALJ relied not only on Dr. McBee's pathology report, but also on x-ray evidence that indicated a Category A opacity of greater than one centimeter in diameter, sufficient to qualify McKay for the irrebuttable presumption under 20 C.F.R. § 718.304(a). While Dr. Naeye's and Dr. Altmeyer's reports do not support the ALJ's conclusions, Dr. McBee's report, in conjunction with McKay's x-ray evidence, provides substantial evidence to support his conclusion that McKay qualified for the irrebuttable presumption of total disability under 20 C.F.R. § 718.304.

C.

Valley Camp also argues that the ALJ improperly rejected the opinions of Dr. Naeye and Dr. Altmeyer. According to Valley Camp,

5

the ALJ improperly disregarded Dr. Naeye's opinion as inferior to Dr. McBee's and improperly ignored Dr. Altmeyer's report.

As noted above, the ALJ discussed both Dr. Naeye and Dr. Altmeyer's opinions and gave specific reasons for crediting Dr. McBee's opinion over the contrary opinions of Dr. Naeye and Dr. Altmeyer. Therefore, the ALJ did not improperly reject the opinions of Dr. Naeye and Dr. Altmeyer.

III.

We agree with the Board's decision to uphold the ALJ's award of black lung benefits to McKay as based on substantial evidence. Accordingly, the petition for review is denied.

PETITION DENIED

6