**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JIMMIE J. LEMON, JR.,
Petitioner,

v.

PEABODY COAL COMPANY; DIRECTOR,

No. 96-2142

OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR,
Respondents.

On Petition for Review of an Order
of the Benefits Review Board.
(No. 95-2299-BLA)

Submitted: January 31, 1997

Decided: February 24, 1997

Before LUTTIG, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

S.F. Raymond Smith, RUNDLE & RUNDLE, L.C., Pineville, West
Virginia, for Petitioner. Mark E. Solomons, Laura Metcoff Klaus,
ARTER & HADDEN, Washington, D.C., for Respondents.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jimmie Joe Lemon, Sr., a former coal miner, seeks review of a decision of the Benefits Review Board (Board) affirming an administrative law judge's (ALJ) decision to deny his application for black lung benefits. The ALJ denied benefits in this case based on his finding that Lemon failed to establish the presence of pneumoconiosis or that he was totally disabled by a respiratory or pulmonary impairment. The Board affirmed the ALJ's finding of no pneumoconiosis and denial of benefits. After reviewing the record, we find no reversible error and affirm the order of the Board.

This Court reviews the Board's decision only for errors of law and to ensure that the Board adhered to the correct standard of review.[1] Therefore, this Court affirms the Board's decision if the Board properly decided that the ALJ's findings are supported by substantial evidence.[2] To determine whether the ALJ's findings are supported by substantial evidence, this Court undertakes an independent review of the record.[3] However, review is confined to the grounds upon which the Board based its decision.[4]

On appeal, Lemon contends that the ALJ erred by finding the medical opinion evidence insufficient to establish pneumoconiosis pursuant to 20 C.F.R. § 718.202(a)(4) (1996). We disagree. The record belies Lemon's contentions that the medical reports credited by the

_____

[1] Doss v. Director, Office of Workers' Compensation Programs, 53 F.3d 654, 658 (4th Cir. 1995).
[2] Id. at 659.
[3] Dehue Coal Co. v. Ballard, 65 F.3d 1189, 1193 (4th Cir. 1995).
[4] See Grigg v. Director, Office of Workers' Compensation Programs, 28 F.3d 416, 418 (4th Cir. 1994); see also Securities and Exch. Comm'n v. Chenery Corp., 318 U.S. 80, 87 (1943).

ALJ finding no pneumoconiosis were impermissibly based solely on negative X-rays. Doctors Zandivar and Tuteur, on whose opinions the ALJ primarily relied, explained in great detail how not only the overwhelming negative X-ray evidence, but also Lemon's medical history, symptoms, physical examinations, and objective studies supported their conclusion that Lemon's disability stems from morbid obesity and smoking.

Accordingly, the decision of the Board denying benefits is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3