**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BUFFALO MINING COMPANY,
Petitioner,

v.

HOWARD H. COPLEY; DIRECTOR,

OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR,
Respondents.

No. 98-1508

On Petition for Review of an Order
of the Benefits Review Board.
(97-789-BLA)

Submitted: September 29, 1998

Decided: December 17, 1998

Before WILKINS and LUTTIG, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

William S. Mattingly, Kathy L. Snyder, JACKSON & KELLY, Mor-
gantown, West Virginia, for Petitioner. S. F. Raymond Smith, RUN-
DLE & RUNDLE, L.C., Pineville, West Virginia, for Respondents.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Buffalo Mining Company ("employer") petitions for review of a decision of the Benefits Review Board ("Board") affirming the administrative law judge's ("ALJ") decision to award black lung benefits to the claimant in this action, Howard Copley. This case arises under Part 718 of the applicable regulations. See 20 C.F.R. Part 718 (1998). Under Part 718, a claimant must prove: (1) that he has pneumoconiosis; (2) that the disease arose out of his coal mine employment; (3) that he is totally disabled from performing his usual coal mining work; and (4) that his pneumoconiosis is a contributing cause of his total disability. See Lane v. Union Carbide Corp., 105 F.3d 166, 170 (4th Cir. 1997). The controversies in this case surround the first and fourth elements.

The ALJ found these elements satisfied based on the medical opinions of Drs. Ranavaya and Rasmussen. Dr. Ranavaya examined Copley at the behest of the Director, Office of Workers' Compensation Programs ("Director"). He found pneumoconiosis based on positive x-ray evidence and the miner's 27 years of coal mine employment, and opined that coal dust exposure contributed to the miner's respiratory impairment, which he found to be "mild" but which employer conceded was totally disabling.

Dr. Rasmussen also found pneumoconiosis, and opined that the miner's disabling respiratory impairment was attributable to a combination of cigarette smoking and coal dust exposure. He disagreed with opinions offered by Drs. Zaldivar and Castle that the miner's impairment was partially attributable to asthma and partly attributable to smoking. Dr. Morgan concurred with Drs. Zaldivar and Castle that the miner did not suffer from pneumoconiosis, but opined that the miner's respiratory impairment was solely attributable to the miner's smoking history of over twenty years.

2

In weighing the medical opinion evidence pursuant to 20 C.F.R. § 718.202(a)(4) (1998), the ALJ found the reports of Drs. Ranavaya and Rasmussen more persuasive than the conflicting reports because, in the ALJ's view, these opinions were more consistent with the miner's lengthy coal mine employment history and with the miner's pulmonary function tests. Specifically, the ALJ discounted the opinions of Drs. Zaldivar and Castle that the miner's ventilatory studies suggested that part of the miner's impairment was attributable to asthma based on the miner's improvement after the administration of bronchodilators because, the ALJ noted, even after bronchodilators, the miner's results on ventilatory testing reflected the presence of a disabling impairment. In the ALJ's view, this demonstrated that the residual impairment must be due to pneumoconiosis.

We agree with the employer that the ALJ's reasoning is insufficient to provide substantial evidence in support of his finding of pneumoconiosis. See Doss v. Director, Office of Workers' Compensation Programs, 53 F.3d 654, 658 (4th Cir. 1995) (citing standard of review). The ALJ's analysis does not account for the possibility that the miner's impairment after bronchodilators was solely attributable to smoking. The reports of Drs. Zaldivar and Castle did not suggest that impairment linked to smoking would be expected to improve with bronchodilators. Moreover, Dr. Morgan found the miner's impairment solely attributable to smoking.

We also find that the ALJ erred by relying on the length of the miner's coal mine employment as a basis for crediting the reports of Drs. Ranavaya and Rasmussen. As the Seventh Circuit has stated: "Occupational exposure is not evidence of pneumoconiosis . . . but merely a reason to expect that evidence might be found." Sahara Coal Co. v. Fitts, 39 F.3d 781, 783 (7th Cir. 1994). Hence, we have recognized that a lengthy coal mine history alone does not conclusively establish that a miner's impairment or disability is due to pneumoconiosis or coal dust exposure. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 535 (4th Cir. 1998).

Because the ALJ's finding of pneumoconiosis is not supported by substantial evidence, we must vacate the decision of the Board and remand with instructions to further remand the case to the ALJ for reweighing of the evidence. Because the ALJ's finding that the

3

miner's disabling impairment was attributable to coal mine employment was based on precisely the same reasoning underlying his finding of pneumoconiosis, that finding is also vacated and should be reconsidered on remand as well. We note that the employer raises numerous specific challenges to the credibility of the reports of Drs. Ranavaya and Rasmussen on appeal. Many of these challenges do not bear on the causation questions at issue in this appeal, and most of the arguments were waived by the employer's failure to raise them before the Board. See South Carolina v. United States Dept. of Labor, 795 F.2d 375, 378 (4th Cir. 1986). We agree with employer, however, that on remand the ALJ should discuss the tension between his finding that the x-ray evidence was insufficient to establish pneumoconiosis and his decision to rely on the reports of Drs. Ranavaya and Rasmussen, who partly based their findings of pneumoconiosis on positive x-ray evidence.

Accordingly, the decision of the Board is vacated and this case is remanded to the Board with instructions to further remand it to an ALJ for proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED WITH INSTRUCTIONS

4