**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

SOUTHERN APPALACHIAN COAL
COMPANY,
Petitioner,

v.

No. 98-2594

DEWEY HOLLIDAY; DIRECTOR,
OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR,
Respondents.

On Petition for Review of an Order
of the Benefits Review Board.
(97-168-BLA)

Submitted: May 28, 1999

Decided: June 21, 1999

Before WILKINSON, Chief Judge, and WILKINS
and HAMILTON, Circuit Judges.

_____

Reversed and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

David L. Yaussy, ROBINSON & MCELWEE, Charleston, West Vir-
ginia, for Petitioner. Frederick K. Muth, HENSLEY, MUTH, GAR-
TON & HAYES, Bluefield, West Virginia, for Respondents.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Southern Appalachian Coal Company ("employer") petitions for review of a Benefits Review Board ("Board") decision affirming an administrative law judge's ("ALJ") decision to award black lung benefits to Dewey Holliday, a former coal miner. The ALJ evaluated this claim under 20 C.F.R. Part 718 (1998), of the applicable regulations and determined that Holliday established that he suffered from totally disabling pneumoconiosis arising out of his coal mine employment. We must affirm the Board's decision if it properly decided that the ALJ's decision is supported by substantial evidence and is in accordance with law. See Doss v. Director, Office of Workers' Compensation Programs, 53 F.3d 654, 658 (4th Cir. 1995).

We need not address all of the contentions raised by employer on appeal. The claimant bore the burden of establishing all critical elements of his claim by a preponderance of the evidence. See Director, Office of Workers' Compensation Programs v. Greenwich Collieries, 512 U.S. 267, 281 (1994). Employer avers on appeal that the ALJ erred as a matter of law in finding the medical opinion evidence sufficient to prove that pneumoconiosis contributed to any totally disabling impairment the miner might have had. This causation showing is a critical element of a black lung claim. See Lane v. Union Carbide Corp., 105 F.3d 166, 170 (4th Cir. 1997). Because we agree with employer that the medical opinion evidence relevant to this issue cannot support the ALJ's finding of causation, the remaining issues in this appeal are moot.

In finding causation, the ALJ relied on the opinions of Drs. Rasmussen and Forehand. Dr. Rasmussen did not address disability, much less its cause. Dr. Forehand did, in a thorough and detailed report, opine that pneumoconiosis contributed to the miner's respiratory impairment, which the doctor found to be totally disabling in

2

light of the exertional requirements of the miner's last coal mine job. Dr. Forehand's written reports even addressed the miner's 41 year smoking history and history of cardiovascular disease, and concluded that, despite the possibility that these histories could lead to respiratory or pulmonary impairment, he still believed that coal dust exposure contributed to Mr. Holliday's disability.

But Dr. Forehand subsequently contradicted these findings at his deposition. During cross-examination, he learned for the first time that the miner suffered myocardial infarctions in 1988 and 1990. He conceded that this was important information that he had requested from the miner but had not received. After reviewing the relevant medical evidence pertaining to the infarctions, he acknowledged that the heart attacks would have predominantly damaged the miner's left ventricle, and that this could decrease cardiac output, causing impairment during exercise. Dr. Forehand had relied heavily on the fact that during exercise blood gas testing, the miner exhibited a very low aerobic threshold to find that coal dust exposure contributed to disability. He admitted, however, that the miner's heart condition could produce the same results on exercise blood gas testing.

He also stated during his deposition that, while there are some cases in which he would be able to distinguish the effects of smoking from the effects of pneumoconiosis, he could not in this case. He explicitly conceded that all of the miner's impairment could be due to smoking. While Dr. Forehand did maintain that he could not rule out pneumoconiosis as a contributing factor to the miner's disability, that finding is clearly insufficient to affirmatively prove causation under a preponderance standard. Because the record contains no other evidence that could potentially connect the miner's disability to his coal mine employment, we are constrained to reverse the decision of the Board and remand with instructions to deny benefits. We dispense with oral argument in light of our prior order granting Holliday's motion to submit the case on the briefs, and because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

REVERSED AND REMANDED WITH INSTRUCTIONS