**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

PAUL G. DINGESS,
Petitioner,

v.

PEABODY COAL COMPANY; DIRECTOR,

OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR,
Respondents.

No. 99-1003

On Petition for Review of an Order of the
Benefits Review Board.
(97-1807-BLA)

Submitted: July 27, 1999

Decided: September 17, 1999

Before WILLIAMS, MICHAEL, and MOTZ,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Lisa A. Warner, SHAFFER & SHAFFER, Madison, West Virginia,
for Petitioner. Mark E. Solomons, Laura Metcoff Klaus, ARTER &
HADDEN, L.L.P., Washington, D.C., for Respondents.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Paul Dingess petitions for review of a decision of the Benefits Review Board ("Board") affirming the administrative law judge's ("ALJ") denial of his application for black lung benefits pursuant to 30 U.S.C.A. §§ 901-945 (West 1994 & Supp. 1998). The ALJ reviewed the claim under 20 C.F.R. Part 718 (1998), of the applicable regulations, and denied benefits based on his determination that the evidence of record was insufficient to establish the existence of either pneumoconiosis or total disability, or that pneumoconiosis contributed to total disability. The Board affirmed the ALJ's finding of no pneumoconiosis without addressing the remaining elements of entitlement. We must affirm the Board's decision if it correctly found that the ALJ's decision is supported by substantial evidence and is in accordance with law. See Doss v. Director, Office of Workers' Compensation Programs, 53 F.3d 654, 658 (4th Cir. 1995).

The evidence relevant to the existence of pneumoconiosis in this case consisted of x-rays and medical reports. Dingess primarily challenges the ALJ's weighing of the x-ray evidence on appeal. Initially, we reject Dingess' assertion that the ALJ placed undue emphasis on the numerical superiority of the negative x-ray interpretations in this case. The record contains twenty-one interpretations of five x-ray films. Only three of those interpretations were positive for pneumoconiosis, and three of the five films were uniformly interpreted negatively for the disease by the physicians who read them.

Despite this numerical disparity, the ALJ relied most heavily on the qualifications of the readers to resolve the conflict in the x-ray evidence. He accorded greatest weight to the interpretations rendered by Drs. Spitz, Shipley, and Wiot, because not only did these physicians possess board certification and B-reader status, but they also held prestigious teaching positions and had authored numerous publica-

2

tions in the black lung field. We have previously recognized that consideration of the qualifications of the readers is not only proper, but prescribed by the regulations. See Adkins v. Director, Office of Workers' Compensation Programs, 958 F.2d 49, 52 (4th Cir. 1992).

Dingess correctly contends that the ALJ committed error when he found that Dr. Speiden rendered inconsistent interpretations of a January 1993 x-ray. We find the error harmless, however, as it is clear that Dr. Speiden's interpretation would, in any event, have received less weight than the negative interpretations of Drs. Spitz, Shipley, and Wiot, in light of their superior credentials. Moreover, the ALJ was not irrational for questioning the reliability of Dr. Speiden's interpretation based on the fact that, of the five physicians who read the January 1993 film, only she believed the film to be of the highest diagnostic quality. All of the other physicians who viewed the film believed it to be underexposed.

Dingess also argues that the ALJ erred by finding that Dr. Deardorff, who rendered the sole positive interpretation of the January 1994 x-ray, was not a B-reader. Dr. Deardorff's Curriculum Vitae, which Dingess submitted, indicated that Dr. Deardorff's B-reader status expired in 1992, before he read the 1994 film. But on the doctor's x-ray report, he checked a box indicating that he was a B-reader. While the ALJ could have resolved this issue differently, the resume that claimant himself provided constitutes substantial evidence supporting the ALJ's resolution of the issue. Moreover, we again note that any error would be harmless, because had the ALJ found Dr. Deardorff to be a B-reader, under his analysis Dr. Deardorff's qualifications would still not equal those of several physicians who found the x-ray evidence negative for pneumoconiosis.

We therefore conclude that the ALJ properly found the x-ray evidence insufficient to establish pneumoconiosis. We note that Dingess identifies no specific error committed by the ALJ in finding the medical opinion evidence insufficient to establish the disease. Dr. Rasmussen was the only physician of record to diagnose pneumoconiosis. The ALJ properly discredited his opinion, however, on the ground that he offered no explanation for his conclusions. See Freeman United Coal Corp. v. Cooper, 965 F.2d 443, 449 (7th Cir. 1992);

3

Brazelle v. Director, Office of Workers' Compensation Programs, 8003 F.2d 934, 936 (8th Cir. 1986).

The evidence of record therefore failed to establish pneumoconiosis. The failure to establish this critical element precludes entitlement to benefits. See Lane v. Union Carbide Corp., 105 F.3d 166, 170 (4th Cir. 1997) (listing pneumoconiosis among the critical elements of a black lung claim). Accordingly, the decision of the Board is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4