OPINION
PER CURIAM:
Consolidation Coal Company seeks review of the decision and order of the Benefits Review Board affirming the administrative law judge’s award of black lung benefits pursuant to 30 U.S.C.A. §§ 901-945 (West 1986 & Supp.2003). Because our review of the record discloses that the ALJ’s decision is not supported by substantial evidence, we reverse the award of benefits.
I.
Theodore Latusek, Jr., worked in the coal mines of West Virginia for approximately twenty-four years, all of them with Consolidation Coal. During his tenure, Latusek worked as a general laborer, shuttle car operator, loading machine operator, miner operator, mechanic, section boss, and long wall operations coordinator. He was exposed to dust throughout his career, particularly while he served as a long wall operations coordinator.
The history of Latusek’s diagnosis and treatment is summarized in our earlier opinion in this case. See Consolidation Coal Co. v. Latusek, 187 F.3d 628, 1999 *375 WL 592051 (4th Cir.1999) (unpublished) (Latusek I). Latusek has at least a mild case of coal workers’ pneumoconiosis and interstitial pulmonary fibrosis (IPF).[1] The parties agree that Latusek has a totally disabling pulmonary condition. As the ALJ found, “[a]ll of the experts agree that claimant’s total disability is due to IPF; however, the experts provide conflicting testimony as to the cause of the disability. Drs. Jennings and Rose concluded that IPF is related to exposure to coal mine dust, while Drs. Kleinerman, Renn, Morgan, and Fino concluded that IPF is not related to coal dust exposure.” (J.A. at 540.)
In his first decision, the ALJ concluded that “claimant’s IPF arose out of his coal mine employment and ... he is totally disabled due to pneumoconiosis.” (J.A. at 507.) The BRB affirmed the ALJ’s decision. On Consolidation Coal’s petition for review, we vacated the award of benefits and remanded for further consideration because “the ALJ did not fulfill his duty to fully consider the entire record and provide adequate reasons for discounting significant expert medical testimony.” Latusek I, 1999 WL 592051 at *5. We were particularly concerned with the ALJ’s crediting of the testimony of Drs. Jennings and Rose based primarily on three medical articles discussing IPF, which offered “[a]t best ... tepid support” for their conclusion. Id. at *4. Moreover, we found it “most troubling” that the ALJ’s “sole reason ... for discrediting the opinions of Drs. Kleinerman, Renn, Morgan, and Fino was that ‘they were unable to cite any medical articles finding that there was no causal connection between IPF and coal dust exposure.’ ” Id. (citation and footnote omitted).
In his second decision, the ALJ again awarded benefits. The ALJ found that the opinions of Drs. Fino, Morgan, Kleinerman, and Renn were irrational because they “agree that they do not know the etiology of claimant’s IPF, although they all opine it cannot be coal dust exposure.” (J.A. at 531.) The ALJ also found that Drs. Rose and Jennings had “more expertise in regard to IPF,” and that their opinions were well-reasoned. (J.A. at 531.) Accordingly, he gave their opinions “the most weight.” (J.A. at 531.)
The BRB concluded that “[t]he administrative law judge’s weighing of the ... medical opinions of record ... cannot be affirmed.” (J.A. at 536.) Among other flaws, the BRB concluded that the ALJ did not address Consolidation Coal’s argument that the opinions of Drs. Jennings and Rose were not reliable because they were based on flawed epidemiological studies contained in the three medical articles. (J.A. at 537.) Accordingly, the BRB vacated the ALJ’s findings and remanded for further proceedings.
In his third decision, the ALJ once again awarded benefits. With regard to the credentials of the doctors, the ALJ found:
While the credentials of Dr. Kleinerman, an expert on the pathology of occupational lung diseases, and Drs. Renn, Morgan, and Fino, pulmonary specialists with expertise on occupational lung diseases, are undoubtly [sic] impressive, Drs. Jennings and Rose’s credentials are superior to these physicians in the area of interstitial lung disease.... Therefore, I find Dr. Jennings and Rose[’s] credentials regarding IPF superior to the credentials of Drs. Kleinerman, Renn, Morgan, and Fino, and accord their opinion great weight.
*376 (J.A. at 540-41.) The ALJ again found the opinions of Drs. Kleinerman, Fino, Renn, and Morgan to be “irrational” because “these physicians are able to draw a conclusion as to what is not the cause of claimant’s IPF when they cannot even give an opinion as to the cause of this disease.” (J.A. at 541.) Therefore, the ALJ accorded these opinions “little weight.” (J.A. at 541.)
The ALJ also found that “the opinions of Drs. Jennings and Rose [were] well documented and better supported by the underlying data of record and therefore accorded] these opinions great weight.” (J.A. at 541.) With regard to the allegedly flawed epidemiological studies underlying the three medical articles that Drs. Jennings and Rose relied on, the ALJ found that “[e]ven if these studies are flawed, I find the opinions of Drs. Jennings and Rose to be reliable. I credit their opinions without regard to these articles because the physicians did not rely on these articles in their opinion that claimant’s IPF is related to his coal mine employment, but merely used them as support for their opinion.” (J.A. at 542.) Over a strong dissent, the BRB affirmed the ALJ’s award of benefits. Consolidation Coal petitions for review of the BRB’s order.
II.
We review decisions of the BRB to determine whether the BRB properly found that the ALJ’s decision was supported by substantial evidence and was in accordance with law. See Doss v. Director, Office of Workers’ Compensation Programs, 53 F.3d 654, 658-59 (4th Cir.1995). In making this determination, we conduct an independent review of the record in deciding whether the ALJ’s findings are supported by substantial evidence. See Dehue Coal Co. v. Ballard, 65 F.3d 1189, 1193 (4th Cir.1995). Substantial evidence is more than a scintilla, but only such evidence that a reasonable mind could accept as adequate to support a conclusion. See Lane v. Union Carbide Corp., 105 F.3d 166, 170 (4th Cir.1997).
In order to establish a right to benefits under the Black Lung Benefits Act, 30 U.S.C.A. §§ 901-945, “a claimant must prove that (1) he has pneumoconiosis; (2) the pneumoconiosis arose out of his coal mine employment; (3) he has a totally disabling respiratory or pulmonary condition; and (4) pneumoconiosis is a contributing cause to his total respiratory disability.” Milburn Colliery Co. v. Hicks, 138 F.3d 524, 529 (4th Cir.1998) (emphasis added) (citing, inter alia, 20 C.F.R. §§ 718.201-.204 (1997)).[2] Because the ALJ found, “[a]ll of the experts agree that the claimant’s total disability is due to IPF,” (J.A. at 540), the only remaining question is whether Latusek’s IPF meets the definition of legal pneumoconiosis, which is “a chronic dust disease of the lung and its sequelae, including respiratory and pulmonary impairments, arising out of coal mine employment.” 20 C.F.R. § 718.201 (2003). If it does, then pneumoconiosis is a contributing cause to his total respiratory disability.
Drs. Jennings and Rose concluded that Latusek’s IPF is related to exposure to coal mine dust, while Drs. Kleinerman, Renn, Morgan, and Fino concluded that Latusek’s IPF is not related to coal dust exposure. The ALJ credited the opinions of Drs. Jennings and Rose over the opinions of Drs. Kleinerman, Renn, Morgan, and Fino. Our review of the record convinces us that the ALJ erred in his evaluation of the medical opinion evidence. *377 First, it was error to discredit the opinions of Drs. Fino, Renn, Morgan, and Kleinerman as irrational solely because they were “able to draw a conclusion as to what is not the cause of claimant’s IPF when they cannot even give an opinion as to the cause of this disease.” (J.A. at 541.) It is clearly not irrational for a physician to eliminate certain causes while not being able to ascertain the definitive cause.
Second, we have previously held in this case that Dr. Jennings’s credentials, and by analogy Dr. Rose’s, are “not indisputably superior to those of the other physicians of record.” Latusek I, 1999 WL 592051 at *4 n. 4. Drs. Jennings and Rose have experience with IPF, but the relevant question here is whether Latusek’s IPF is a “chronic dust disease of the lung ... arising out of coal mine employment,” 20 C.F.R. § 718.201. Thus, the extensive experience of Drs. Renn, Fino, Morgan, and Kleinerman with patients having coal mine experience and coal dust exposure must be factored in along with their experience with IPF.[3] Our dissenting colleague notes that Drs. Jennings and Rose have some experience with patients having coal dust exposure. Post, at 379-80. The ALJ, however, credited Drs. Jennings and Rose’s opinions because he found their “credentials regarding IPF superior to the credentials of Drs. Kleinerman, Renn, Morgan, and Fino.” (J.A. at 540-41.) We must review the findings that the ALJ actually made. It was error to discredit the opinions of Drs. Kleinerman, Renn, Morgan, and Fino as having inferior eredentials in the area of IPF without considering the vast experience that these doctors have researching, diagnosing and treating diseases that meet the relevant regulatory standard, that is “chronic dust disease[s] of the lung ... arising out of coal mine employment,” 20 C.F.R. § 718.201.
Third, the ALJ’s finding that Drs. Jennings and Rose did not rely on the flawed articles in coming to their conclusions is not supported by substantial evidence. Although the doctors noted a few factors that made Latusek’s IPF atypical, the deposition testimony of both doctors shows that they relied on the epidemiological research in the three medical articles in coming to their conclusions that there was a relationship between Latusek’s coal dust exposure and his IPF. {See J.A. at 303-08 (deposition of Dr. Jennings) (“There is epidemiologic research, which suggests that individuals with exposure to silicates and other dusts have a much higher frequency of developing interstitial pulmonary fibrosis.... ”); J.A. at 244-45 (deposition of Dr. Rose) (“[Tjhere is data emerging to suggest that there may be a relationship between exposure to occupational dust with the subsequent development of pneumoconiosis, and with histologic findings of diffuse interstitial fibrosis.”).)
The “substantial evidence” standard is tolerant of a wide range of findings on a given record, but the ALJ’s decision here exceeds the limits of that tolerance. We *378 find that “no ‘reasonable mind’ could have interpreted and credited the [medical opinions] as the ALJ did.” See Piney Mountain Coal Co. v. Mays, 176 F.3d 753, 764 (4th Cir.1999). Because there remains no evidence upon which to base a finding of entitlement to benefits, Latusek has not carried his burden to prove that his total disability is due to pneumoconiosis. Accordingly, we reverse the award of benefits.

REVERSED.

. Interstitial pulmonary fibrosis (IPF) is also known as usual interstitial fibrosis (UIP). For ease of reference, we will refer to the condition as IPF.

. We note that 20 C.F.R. § 718 (1998) applies to all claims filed after April 1, 1980, and thus applies to this case. See Lane v. Union Carbide Corp., 105 F.3d 166, 170 (4th Cir.1997).

. For example, as we noted in Latusek I, "Dr. Jerome Kleinerman has served as the Director of the Department of Pathology at the Metro Campus of Case Western Reserve University, has chaired the National Institute of Occupational Safety and Health committee responsible for developing the guidelines for diagnosing coal workers’ pneumoconiosis, and has authored over 160 articles appearing in peer review journals, the vast majority of which dealt with lung disease, pneumoconiosis, or emphysema. Dr. Kleinerman is board certified in clinical pathology and pathologic anatomy. In addition, Dr. Kleinerman undertook graduate studies in human pulmonary function at the University of Pennsylvania Graduate School of Medicine following his graduation from medical school.” Consolidation Coal Co. v. Latusek, 187 F.3d 628, 1999 WL 592051 (4th Cir.1999) (unpublished).