**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

PINEY CREEK COAL COMPANY,
*Petitioner,*

v.

ALMA MARSHALL, Widow of George
Marshall, Deceased; DIRECTOR,
OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR,
*Respondents.*

No. 04-1349

On Petition for Review of an Order
of the Benefits Review Board.
(03-0480-BLA)

Submitted: July 30, 2004

Decided: August 19, 2004

Before NIEMEYER, WILLIAMS, and DUNCAN, Circuit Judges.

---

Reversed by unpublished per curiam opinion.

---

**COUNSEL**

John Payne Scherer, Sr., FILE, PAYNE, SCHERER & BROWN, Beckley, West Virginia, for Petitioner. Alma Marshall, Respondent Pro Se; Michelle Seyman Gerdano, Patricia May Nece, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Respondent DOWCP.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Piney Creek Coal Company seeks review of the decision and order of the Benefits Review Board ("BRB") affirming the administrative law judge's ("ALJ") award of black lung benefits pursuant to 30 U.S.C. §§ 901-45 (2000). Because our review of the record discloses that the ALJ's decision is not supported by substantial evidence, we reverse the award of benefits.

We review decisions of the BRB to determine whether the BRB properly found that the ALJ's decision was supported by substantial evidence and was in accordance with law. *See Doss v. Dir., Office of Workers' Comp. Programs*, 53 F.3d 654, 658 (4th Cir. 1995). In making this determination, we conduct an independent review of the record in deciding whether the ALJ's findings are supported by substantial evidence. *See Dehue Coal Co. v. Ballard*, 65 F.3d 1189, 1193 (4th Cir. 1995). Substantial evidence is more than a scintilla, but only such evidence that a reasonable mind could accept as adequate to support a conclusion. *See Lane v. Union Carbide Corp.*, 105 F.3d 166, 170 (4th Cir. 1997). Subject to the substantial evidence requirement, the ALJ has the sole authority to make credibility determinations and resolve inconsistencies or conflicts in the evidence. *See Grizzle v. Pickands Mather & Co.*, 994 F.2d 1093, 1096 (4th Cir. 1993). An ALJ, however, may rely only on a medical opinion that constitutes a reasoned medical judgment. *See Freeman United Coal Mining Co. v. Cooper*, 965 F.2d 443, 448 (7th Cir. 1992).

To establish that he is entitled to black lung benefits in a case under 20 C.F.R. Part 718, a miner must prove: "(1) he has pneumoconiosis; (2) the pneumoconiosis arose out of coal mine employment; (3) he has a totally disabling respiratory or pulmonary condition; and (4) pneumoconiosis is a contributing cause to his total respiratory disability." *Milburn Colliery Co. v. Hicks*, 138 F.3d 524, 529 (4th Cir.

1998). A claimant may establish the existence of pneumoconiosis by means of (1) chest x-rays; (2) biopsy or autopsy evidence; (3) invocation of the presumptions at 20 C.F.R. §§ 718.304 - 718.306; or (4) medical opinion evidence. *See* 20 C.F.R. § 718.202(a) (2003). In findings that are not challenged on appeal, the ALJ determined that Marshall failed to establish the existence of pneumoconiosis by x-ray evidence, that there was no biopsy or autopsy evidence, and that the presumptions of 20 C.F.R. §§ 718.304 - 718.306 were not applicable to Marshall's claim. Therefore, the only basis upon which Marshall may establish that he suffers from pneumoconiosis is medical opinion evidence pursuant to 20 C.F.R. § 718.202(a)(4) (2003).

A miner is totally disabled due to pneumoconiosis if the disease

is a substantially contributing cause of the miner's totally disabling respiratory or pulmonary impairment. Pneumoconiosis is a "substantially contributing cause" of the miner's disability if it:

(i) Has a material adverse effect on the miner's respiratory or pulmonary condition; or

(ii) Materially worsens a totally disabling respiratory or pulmonary impairment which is caused by a disease or exposure unrelated to coal mine employment.

20 C.F.R. § 718.204(c)(1) (2003). The parties do not dispute that Marshall was totally disabled by a respiratory or pulmonary condition, but disagree as to whether pneumoconiosis contributed to that disability.

In finding that Marshall suffered from pneumoconiosis and that the disease was a substantially contributing cause of Marshall's disability, the ALJ relied upon the opinion of Dr. Rasmussen, who examined Marshall and performed pulmonary function and arterial blood gas tests in January 1991. Dr. Rasmussen concluded that Marshall suffered from pneumoconiosis based upon a positive x-ray interpretation and Marshall's lengthy history of coal dust exposure. The single x-ray considered by Dr. Rasmussen was subsequently interpreted by other

physicians as showing no evidence of pneumoconiosis, and the ALJ concluded that the totality of the x-ray evidence did not establish the existence of the disease.

In his examination report, Dr. Rasmussen noted a smoking history of approximately twenty-five pack years that ended when Marshall stopped smoking in 1973. Contrary to this summary, however, hospitalization records that were submitted in evidence reveal that Marshall continued to smoke at least as late as October 1988. Reliance on an inaccurate smoking history provides a sufficient basis for entirely discrediting Dr. Rasmussen's opinion concerning causation. Because Dr. Rasmussen's opinion was based on misinformation, the reliability of his opinion was undermined, much the same way that an opinion is undermined where it is based on invalid objective data. *See, e.g.*, *Lane v. Union Carbide Corp.*, 105 F.3d 166, 173 (4th Cir.1997) (holding that ALJ properly rejected opinions based on invalid objective studies).

Moreover, although he included Marshall's coronary artery disease, prior heart attack, and triple bypass surgery in his discussion of Marshall's health history, Dr. Rasmussen did not discuss any contribution this significant condition may have made to Marshall's disability. Marshall suffered from severe coronary artery disease that required frequent hospitalizations in the last ten years of his life. We conclude that Dr. Rasmussen's opinion fails to provide sufficient explanation for his conclusions and does not constitute a reasoned medical opinion.

Although the ALJ provided lengthy explanations for his conclusions, his reasoning was based upon factual inaccuracies that resulted from an improper evaluation of the medical opinions such that "no 'reasonable mind' could have interpreted and credited the [medical opinions] as the ALJ did." *Piney Mountain Coal Co. v. Mays*, 176 F.3d 753, 764 (4th Cir. 1999). Moreover, because there remains no evidence upon which to base a finding of entitlement to benefits, we reverse the award of benefits. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*REVERSED*