**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

U. S. STEEL MINING COMPANY, LLC,
Petitioner,

v.

DIRECTOR, OFFICE OF WORKERS'

COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR;
JANIS J. BOWLES, Widow of Billy D.
Bowles, Deceased,
Respondents.

No. 98-1864

On Petition for Review of an Order
of the Benefits Review Board.
(97-1010-BLA)

Submitted: November 30, 1998

Decided: December 21, 1998

Before WILKINS and LUTTIG, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Howard Gerald Salisbury, Jr., KAY, CASTO, CHANEY, LOVE &
WISE, Charleston, West Virginia, for Petitioner. Roger D. Forman,
FORMAN & CRANE, L.C., Charleston, West Virginia, for Respon-
dents.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

United States Steel Mining Company, Incorporated ("employer") petitions for review of a decision of the Benefits Review Board ("Board") affirming the administrative law judge's ("ALJ") decision to award black lung survivor's benefits to Janis Bowles, the widow of Billy Bowles, a former coal miner. This case arises under Part 718 of the applicable regulations. See 20 C.F.R. Part 718 (1998). Under Part 718, a surviving spouse is entitled to survivor's benefits if she can establish that pneumoconiosis substantially contributed to the miner's death. See 20 C.F.R. § 718.205(c) (1998). We have determined that a claimant meets her burden of establishing a connection between pneumoconiosis and death if she proves that the disease served "to hasten death in any way." See Shuff v. Cedar Coal Co., 967 F.2d 977, 979 (4th Cir. 1992). We must affirm the decision of the Board if it properly found the ALJ's decision supported by substantial evidence and in accordance with law. See Doss v. Director, Office of Workers' Compensation Programs, 53 F.3d 654, 658 (4th Cir. 1995).

The miner died on December 30, 1994. The death certificate, prepared by Dr. Kamthan, lists metastatic non-small cell carcinoma as the cause of death, but lists no other conditions. The autopsy report, prepared by Dr. Cuadra, similarly finds death due to lung cancer without mentioning pneumoconiosis. Dr. Naeye, a pathologist, reviewed the autopsy materials and opined that while pneumoconiosis was present, it was far too mild to have prevented the miner from engaging in hard physical work in the mines or to have contributed to his death. He also opined that little or none of the miner's emphysema could be attributed to his coal dust exposure.

The ALJ rejected these pieces of evidence in favor of the report of Dr. Othman, the miner's treating physician, who opined that pneumoconiosis was "definitely a contributing factor, if not the main factor,

2

of [the miner's] death." The ALJ noted that Dr. Othman treated the miner for his respiratory conditions regularly for a period of approximately four years until shortly before his death, and that his opinion was supported by dozens of treatment reports showing the gradual deterioration of the miner's condition. Dr. Naeye's opinion, by contrast, was based solely on the autopsy slides he reviewed. The ALJ discounted Dr. Cuadra's autopsy findings because, even though there was no dispute that the miner suffered from pneumoconiosis since at least the early 1980s, he did not mention the disease. Dr. Kathman also did not mention the disease, and the ALJ inferred that he may have based his findings solely on hospital medical records relating to the miner's treatment for lung cancer. Finally, the ALJ found that, as a Board Certified specialist in both Pulmonary Disease and Internal Medicine, Dr. Othman's credentials were superior to the other physicians of record, whose credentials were not reflected by the record other than to note that Dr. Naeye is the Chairman of the Pathology Department at Pennsylvania State University.

On appeal, employer essentially argues that Dr. Othman's opinion fails to provide substantial evidence in support of the ALJ's finding that pneumoconiosis contributed to the miner's death. Employer contends that Dr. Othman's opinion is not well founded, is contrary to the objective evidence of record, and is speculative because Dr. Othman did not see the miner during the last six months of his life after referring him to another physician for his cancer treatment. Employer's contention that Dr. Othman's opinion is speculative is apparently based on the statement in his report:

> Again, the last time I have seen Mr. Bowles was in June and he did expire December 30, 1994 so I am not able to say 100% that his cancer did not advance and progress to cause his death six months after I had seen him.

Despite his uncertainty as to the precise role that cancer played in the miner's death, however, Dr. Othman remained unequivocal in his belief that pneumoconiosis also played a contributory role. His report affirmatively states this fact twice, including the final sentence of his report, which reads:

> Again, he does have coalworker's pneumoconiosis and he has been on multiple medications and has been treated for

3

years for exacerbation of his lung symptoms and that is definitely a contributing factor, if not the main factor, of his death.

Contrary to employer's assertion, Dr. Othman's opinion is not unsupported by objective evidence. Rather, testing and examination he compiled over dozens of visits spanning approximately four years supported his finding that the miner suffered from severe lung disease. Moreover, there is no dispute that the miner suffered from pneumoconiosis and in fact received black lung disability benefits for that pneumoconiosis during his lifetime.

This is not a case where the ALJ mechanically accorded greater weight to the treating physician's opinion merely because of his status as a treating physician, a practice we have condemned. See Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 441 (4th Cir. 1997). Instead, the ALJ properly accorded Dr. Othman's opinion "especial consideration" based on his intimate familiarity with the miner's respiratory condition. See Grizzle v. Pickands Mather and Co., 994 F.2d 1093, 1097 (4th Cir. 1993). He also properly found Dr. Othman's opinion entitled to greater weight than the opposing opinions of record based on his superior qualifications. See Lane v. Union Carbide Corp., 105 F.3d 166, 173 (4th Cir. 1997).

While the record in this case contains evidence that could have moved the ALJ to reach different conclusions, we must defer to the ALJ's evaluation of the proper weight to accord conflicting medical opinions. Id. at 172. As the ALJ provided legally permissible reasons to support his resolution of the conflicts in this record, we conclude that substantial evidence supports his award of benefits. Accordingly, the decision of the Board is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4