**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

RICHARD P. GREGORY,
Petitioner,

v.

EASTERN ASSOCIATED COAL

CORPORATION; DIRECTOR, OFFICE OF
WORKERS' COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF
LABOR,
Respondents.

No. 00-1161

On Petition for Review of an Order
of the Benefits Review Board.
(98-1234-BLA)

Submitted: August 31, 2000

Decided: September 18, 2000

Before WIDENER, WILLIAMS, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert F. Cohen, Jr. COHEN, ABATE & COHEN, L.C., Fairmont,
West Virginia, for Petitioner. Mark E. Solomons, Laura Metcoff
Klaus, ARTER & HADDEN, L.L.P., Washington, D.C., for Respon-
dents.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Richard Gregory petitions for review of the decision of the Benefits Review Board ("Board") affirming a decision of an administrative law judge ("ALJ") to deny his application for black lung benefits. After several remands this claim, filed in 1977, was ultimately denied based on the ALJ's finding that Eastern Associated Coal Corporation ("employer") rebutted the interim presumption of entitlement to benefits pursuant to 20 C.F.R. § 727.203(b)(3) (2000), by demonstrating that the miner's presumptively totally disabling respiratory or pulmonary impairment did not arise--in whole or in part--out of coal mine employment. See Lane Hollow Coal Co. v. Director, Office of Workers' Compensation Programs, 137 F.3d 799, 804-05 (4th Cir. 1998). We must affirm the Board's decision if it properly found the ALJ's decision supported by substantial evidence and in accordance with law. See Doss v. Director, Office of Workers' Compensation Programs, 53 F.3d 654, 658-59 (4th Cir. 1995). We will not disturb the ALJ's findings merely because we find another conclusion more reasonable. Id. at 659.

The ALJ's finding was based on Dr. Lapp's opinion that the miner's respiratory impairment, which Dr. Lapp found to be minimal, was solely attributable to back problems and central obesity. The miner retired from the mines due to a disabling back condition resulting from several mining accidents. Gregory contends that Dr. Lapp's finding of no link between his impairment and his coal mine employment is insufficient to establish subsection (b)(3) rebuttal as a matter of law. In Gregory's view, Dr. Lapp's opinion is unexplained and therefore unreasoned.

We disagree. Dr. Lapp examined the miner, considered his work and medical histories, performed an x-ray and conducted a full battery of laboratory tests. He specified that the basis for his finding the

2

miner's impairment unrelated to coal mine employment was the absence of any diffusion impairment on pulmonary function testing or impairment of oxygen transfer on blood gas testing.

Gregory argues that the ALJ should have found that later contrary blood gas evidence undercut Dr. Lapp's conclusions. But the ALJ was aware of all the blood gas evidence, having weighed it on invocation at § 727.203(a)(3) and determined that it was, overall, insufficient to invoke the presumption of disability provided by subsection (a)(3). Moreover, Dr. Lapp's opinion was documented and reasoned, and did not lose all probative value because of the later development of evidence that, in some respects, conflicted with his own testing. Ultimately, the degree to which such contrary evidence warranted discounting Dr. Lapp's opinion was a credibility question for the ALJ to determine. See Lane v. Union Carbide Corp. , 105 F.3d 166, 172 (4th Cir. 1997).

Gregory further contends that the ALJ failed to properly weigh Dr. Larkin's report. Gregory believes that Dr. Larkin's comments support the inference that blood gas testing demonstrated the presence of a respiratory impairment attributable to pneumoconiosis. Dr. Larkin, however, never diagnosed a respiratory impairment, much less one attributable to pneumoconiosis. Rather, she merely remarked that the miner's blood gases were unremarkable for a person known to have pneumoconiosis. She based her comment regarding pneumoconiosis on an assumption that the disease was part of the miner's personal history. Whether she would even find pneumoconiosis independently is a matter of speculation. Moreover, she did not address what level of impairment, if any, the miner's blood gas study demonstrated. Accordingly, her report does not undercut Dr. Lapp's conclusions.

Gregory also avers that the ALJ's subsection (b)(3) analysis was deficient because it "heavily relied" on Dr. Lapp's opinion that the miner's pulmonary impairment was not, itself, totally disabling. We find this assertion factually inaccurate. The ALJ's final decision in this case leaves no doubt that he properly relied on Dr. Lapp's finding that the miner's impairment was not attributable to coal mine employment, rather than on any finding regarding the existence of disability, to find subsection (b)(3) rebuttal.

3

Accordingly, the decision of the Board is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4

e