**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ISLAND CREEK COAL COMPANY,
Petitioner,

v.

BROOKIE WALLS, Widow of Harland

E. Walls, deceased; DIRECTOR,
OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR,
Respondents.

No. 00-1422

On Petition for Review of an Order of the
Benefits Review Board.
(99-533-BLA)

Submitted: September 8, 2000

Decided: September 26, 2000

Before WILKINS, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Mary Rich Maloy, JACKSON & KELLY, P.L.L.C., Charleston, West
Virginia, for Petitioner. Leonard Stayton, Inez, Kentucky, for Respon-
dents.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Island Creek Coal Company ("Island Creek") appeals the decision of the Benefits Review Board ("Board") affirming the decision of the Administrative Law Judge ("ALJ") awarding survivor benefits to Brookie Walls, widow of Harland E. Walls. The ALJ evaluated this claim under 20 C.F.R. pt. 718 (1999), and concluded that Mrs. Walls established that her husband's death was due to pneumoconiosis. Because we find that the ALJ's decision awarding benefits is supported by substantial evidence, we affirm.

In order to establish entitlement to survivors benefits on a claim filed after January 1, 1982, the claimant must show that pneumoconiosis caused or contributed to the miner's death. See 20 C.F.R. § 718.205(c) (1999). This court has interpreted this standard to permit a finding of causation if the claimant proves that pneumoconiosis merely hastened the miner's death. See Shuff v. Cedar Coal Co., 967 F.2d 977, 979 (4th Cir. 1992). We review decisions of the Board to determine whether the Board properly found that the ALJ's decision was supported by substantial evidence and in accordance with law. See Doss v. Director, Office of Workers' Compensation Programs, 53 F.3d 654, 658 (4th Cir. 1995).

Subject to the substantial evidence requirement, the ALJ has the sole authority to make credibility determinations and resolve inconsistencies or conflicts in the evidence. See Grizzle v. Pickands Mather & Co., 994 F.2d 1093, 1096 (4th Cir. 1993). An ALJ, however, may rely only on a medical opinion that constitutes a reasoned medical judgment. See Freeman United Coal Mining Co. v. Cooper, 965 F.2d 443, 448 (7th Cir. 1992).

Island Creek argues that Dr. Green's opinion, upon which the ALJ relied, fails to constitute substantial evidence because it is speculative

2

and not supported by objective evidence. We disagree. Dr. Green clearly stated that the exact cause of Mr. Walls' death could not be determined. After discussing the medical and autopsy evidence, however, he concluded that Mr. Walls suffered from chronic obstructive pulmonary disease (COPD) resulting from exposure to coal mine dust; and that the combination of pneumoconiosis, COPD, and pneumonia were sufficient to impair his pulmonary function and hasten his death. Any equivocation in Dr. Green's opinion does not indicate speculation but merely reflects the "uncertainty inherent in medical opinions." Piney Mountain Coal Co. v. Mays, 176 F.3d 753, 763 (4th Cir. 1999).

Island Creek also argues that the ALJ improperly relied upon the opinion of Dr. Gaziano as supporting the opinion of Dr. Green, because Dr. Gaziano's opinion is inadequate. Even assuming this to be true, we find no reversible error. It is clear that the ALJ gave minimal weight to the opinion of Dr. Gaziano in his decision. Moreover, while the ALJ could properly credit Dr. Green's report even without corroboration by another physician, we note that Dr. Green's findings of pneumoconiosis, pulmonary disease, and impairment are supported by the opinions of doctors Craft, Camara, Lesaca, and Tweel.

Island Creek also argues that the ALJ erred in failing to consider and weigh the respective qualifications of the various medical experts, and in rejecting the opinions of its experts. The ALJ noted the qualifications of the medical experts, all of whom are board certified in their fields, and many of whom are also professors in their specialty. Although he did not thoroughly discuss the relative qualifications of each expert, the record demonstrates that such discussion is unnecessary as the similarities in qualifications far exceed the differences. For instance, Doctors Kleinerman, Naeye, and Green were members of a committee that produced and published pathology standards for coal workers' pneumoconiosis in a pathology journal. All of the doctors whose opinions were submitted to the ALJ possessed exceptional professional credentials, and Island Creek fails to explain how it might have benefitted from a more detailed comparison of qualifications.

Island Creek finally argues that the ALJ improperly discredited ventilatory evidence that Mr. Walls did not have any pulmonary impairment in 1975 after he left the mines. Island Creek contends that

3

pneumoconiosis could not have contributed to his death in 1996 because simple pneumoconiosis does not progress after a miner leaves the mines. This argument ignores the opinions of other physicians who examined Walls in 1974 and 1975 and found evidence of chronic lung disease and breathing problems. Hence, even if we accepted Island Creek's theory regarding the progressiveness of pneumoconiosis as supported and consistent with the Black Lung Benefits Act, we would reject its position in this case.

Our review of the record satisfies us that the decision of the ALJ was based upon substantial evidence, and that no error of law occurred. Accordingly, we affirm the decision of the Benefits Review Board awarding benefits to Mrs. Walls. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED