**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

ISLAND CREEK COAL COMPANY,
                            *Petitioner,*

            v.

DENNIS E. COMPTON; DIRECTOR,
OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR,
                            *Respondents.*

No. 03-2255

On Petition for Review of an Order
of the Benefits Review Board.
(02-775-BLA)

Submitted: April 23, 2004

Decided: May 12, 2004

Before WILKINS, Chief Judge, and LUTTIG and
SHEDD, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

## COUNSEL

Douglas Allan Smoot, Mary Rich Maloy, JACKSON KELLY, PLLC,
Charleston, West Virginia; Dorothea Jenkins Clark, JACKSON
KELLY, PLLC, Morgantown, West Virginia, for Petitioner. Dennis
E. Compton, Respondent Pro Se; Michelle Seyman Gerdano, Christian P. Barber, Washington, D.C., for Federal Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Island Creek Coal Company seeks review of the Benefits Review Board's (BRB) decision and order affirming the Administrative Law Judge's (ALJ) award of black lung benefits to Dennis E. Compton pursuant to 30 U.S.C. §§ 901-945 (2000). This case is before the Court for a second time. *Island Creek Coal Co. v. Compton*, 211 F.3d 203 (4th Cir. 2000). In our earlier decision, we concluded that the ALJ erred in considering the evidence related to the existence of pneumoconiosis in discrete parts according to the categories of evidence described in 20 C.F.R. § 718.202(a)(1)-(4) (2003), without also considering all the evidence together to determine whether Compton suffered from the disease. *Id.* at 210-11. We also held that the ALJ erred in crediting the medical opinion of Dr. Gaziano and in discrediting the opinion of Dr. Fino, but correctly weighed the other medical opinions of record. *Id.* at 211-14.

On remand, the ALJ followed the Court's instruction to consider the x-ray and medical opinion evidence regarding the existence of pneumoconiosis together, and again concluded that the evidence was sufficient to establish that Compton suffers from the disease. The ALJ considered the opinions of Doctors Carrillo and Fino regarding the existence of the disease and whether pneumoconiosis was a substantial cause of Compton's total disability and found Dr. Carrillo's opinion worthy of greater weight. The ALJ accordingly awarded benefits. On the employer's appeal, the BRB concluded that the ALJ again erred in discrediting Dr. Fino's opinion, vacated the ALJ's decision awarding benefits, and remanded for further consideration.

After the BRB's remand, the ALJ reconsidered the medical opinions of Doctors Fino and Carrillo, and again concluded that the opinion of Dr. Carrillo, supported by the opinion of Dr. Cabauatan, was more persuasive as to the existence of pneumoconiosis and that pneu-

moconiosis was a substantially contributing cause of Compton's total respiratory disability. The BRB affirmed the award of benefits with one judge dissenting, and the employer filed a timely petition for review.

We review decisions of the BRB to determine whether the BRB properly found that the ALJ's decision was supported by substantial evidence and was in accordance with law. *See Doss v. Dir., Office of Workers' Comp. Programs*, 53 F.3d 654, 658 (4th Cir. 1995). In making this determination, we undertake an independent review of the record in deciding whether the ALJ's findings are supported by substantial evidence. *See Consolidation Coal Co. v. Held*, 314 F.3d 184, 186 (4th Cir. 2003). Substantial evidence is more than a scintilla, but only such evidence that a reasonable mind could accept as adequate to support a conclusion. *See Lane v. Union Carbide Corp.*, 105 F.3d 166, 170 (4th Cir. 1997). Subject to the substantial evidence requirement, the ALJ has the sole authority to make credibility determinations and resolve inconsistencies or conflicts in the evidence. *See Grizzle v. Pickands Mather & Co.*, 994 F.2d 1093, 1096 (4th Cir. 1993). An ALJ, however, may rely only on a medical opinion that constitutes a reasoned medical judgment. *See Freeman United Coal Mining Co. v. Cooper*, 965 F.2d 443, 448 (7th Cir. 1992).

To establish that he is entitled to black lung benefits in a case under Part 718, a miner must prove: "(1) he has pneumoconiosis; (2) the pneumoconiosis arose out of coal mine employment; (3) he has a totally disabling respiratory or pulmonary condition; and (4) pneumoconiosis is a contributing cause to his total respiratory disability." *Milburn Colliery Co. v. Hicks*, 138 F.3d 524, 529 (4th Cir. 1998).

A claimant may establish the existence of pneumoconiosis by means of (1) chest x-rays; (2) biopsy or autopsy evidence; (3) invocation of the presumptions at 20 C.F.R. §§ 718.304 - 718.306; or (4) medical opinion evidence. *See* 20 C.F.R. § 718.202(a) (2003). In this case, there is no biopsy or autopsy evidence and the presumptions at §§ 718.304-.306 do not apply because Compton has not been diagnosed with complicated pneumoconiosis, the claim in question was filed after January 1, 1982, and this is a living miner claim. The ALJ concluded that the x-ray evidence was insufficient to establish

the existence of pneumoconiosis, and considered the opinions of Doctors Carrillo and Fino.

The ALJ concluded that Dr. Fino did not adequately consider whether Compton suffered from legal pneumoconiosis, a respiratory disease or condition that was aggravated by his exposure to coal dust, and accordingly gave Dr. Fino's opinion lesser weight. Because Dr. Carrillo's opinion was supported by the opinion of Dr. Cabauatan after his 1979 examination of Compton, and this Court's holding that "Dr. Carrillo's opinion was reasoned and sufficiently documented," *Compton*, 211 F.3d at 212, the ALJ gave Dr. Carrillo's opinion greater weight and concluded that the existence of pneumoconiosis was established by medical opinion evidence. On appeal, Island Creek argues that the ALJ improperly credited the opinion of Dr. Carrillo and discredited that of Dr. Fino. We conclude that Island Creek's argument has merit.

The ALJ's primary criticism of Dr. Fino's opinion related to Dr. Fino's comment that the objective evidence indicated that Compton suffered from an obstructive impairment that was consistent with smoking induced emphysema but inconsistent with the contraction of lung tissue caused by fibrosis associated with simple pneumoconiosis. The ALJ interpreted this remark as indicating that Dr. Fino did not consider whether Compton suffered from legal pneumoconiosis, but rather only whether Compton had the clinical or medical form of the disease. The ALJ stated that Dr. Fino failed to adequately address whether Compton suffered from a respiratory condition that was substantially related to or aggravated by exposure to coal dust. Our review of the record convinces us that this conclusion is without factual support.* Dr. Fino's lengthy report includes a very detailed explanation of why he concluded that Compton did not suffer from any occupationally acquired respiratory disease. The objective findings and x-rays that pointed to an absence of fibrosis in Compton's lungs were only one part of Dr. Fino's analysis and reasoning that

---

*The ALJ's reliance on *Barber v. Dir., Office of Workers' Comp. Programs*, 43 F.3d 899 (4th Cir. 1995), is misplaced. The claimant in that case benefitted from the presumption in § 718.305 that pneumoconiosis caused her husband's respiratory impairment, which does not apply to Compton's claim.

supported his conclusion. Dr. Fino's opinion in fact does address the concept of legal pneumoconiosis, as he concluded that Compton's exposure to coal dust did not cause or aggravate any impairment of his lung function. Further, the ALJ's requirement that Dr. Fino "rule out" pneumoconiosis essentially shifted the burden of proof to the employer, contrary to the Supreme Court's interpretation of the black lung benefits act. *Dir., Office of Workers' Comp. Programs v. Greenwich Collieries*, 512 U.S. 267, 281 (1994).

We also note that the objective evidence appears supportive of Dr. Fino's opinion. A pulmonary function test conducted on June 8, 1995, in conjunction with Dr. Carrillo's examination of Compton demonstrated rather severe impairment. Another test conducted ten months later, on April 3, 1996, by Dr. Zaldivar, however, demonstrated significantly greater pulmonary function, which weighs against a diagnosis of the irreversible and progressive disease of pneumoconiosis. Moreover, the ALJ failed to follow this Court's encouragement "to consider more explicitly the impact of the doctors' respective credentials." *Compton*, 211 F.3d at 213 n.13. Dr. Carrillo's qualifications are not contained in the record. Dr. Fino is board certified in internal medicine and the subspecialty of pulmonary disease, and is a certified "B" reader. We conclude that the ALJ's discrediting of Dr. Fino's opinion is not supported by substantial evidence, and requires that the case be remanded yet again.

We have also considered Island Creek's arguments that the ALJ failed to determine whether the evidence established that a material change in condition occurred since the denial of Compton's prior benefits claim, and that Compton's claim was untimely. We find these arguments meritless.

Because the ALJ's evaluation and discrediting of the opinion of Dr. Fino was erroneous, we vacate the award of benefits. We are convinced that the errors committed by the ALJ require a fresh perspective, and therefore direct that the BRB remand Compton's claim to a different ALJ for further consideration. *Milburn Colliery Co. v. Hicks*, 138 F.3d 524, 537 (4th Cir. 1998). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*