**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-1601

EASTERN ASSOCIATED COAL, LLC,

Petitioner,

versus

PEARL M. WILES; DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR,

Respondents.

On Petition for Review of an Order of the Benefits Review Board.
(03-0240-BLA)

Argued: January 31, 2006            Decided: April 12, 2006

Before GREGORY, SHEDD, and DUNCAN, Circuit Judges.

Petition granted and remanded by unpublished per curiam opinion.

**ARGUED:** Mark Elliott Solomons, GREENBERG TRAURIG, L.L.P.,
Washington, D.C., for Petitioner.  Terry G. Kilgore, WOLFE,
WILLIAMS & RUTHERFORD, Norton, Virginia, for Respondents.  **ON
BRIEF:** Laura Metcoff Klaus, GREENBERG TRAURIG, L.L.P., Washington,
D.C., for Petitioner.  Joseph E. Wolfe, Bobby S. Belcher, WOLFE,
WILLIAMS & RUTHERFORD, Norton, Virginia, for Respondent Pearl M.
Wiles.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Pearl Wiles applied for survivor's benefits under the Black Lung Benefits Act (the "Act"), 30 U.S.C. §§ 901 et seq., after her husband, Estil Wiles, died. An Administrative Law Judge ("ALJ") awarded benefits to Ms. Wiles, and the Benefits Review Board (the "Board") upheld the award. Eastern Associated Coal Corporation ("Eastern"), Mr. Wiles' former employer, now petitions for review of the Board's decision. For the following reasons, we grant the petition for review and remand for further proceedings consistent with this opinion.

I.

Mr. Wiles was a coal miner for thirty-three years and had a history of heavy smoking. In 1987, an ALJ awarded benefits to Mr. Wiles after finding that he was totally disabled by pneumoconiosis arising from his coal mine employment. The Board later affirmed this decision.

Shortly after Mr. Wiles' death in 2000, Ms. Wiles filed her claim for survivor's benefits. After the Department of Labor notified Eastern of its belief that Ms. Wiles was entitled to benefits, the claim proceeded to an ALJ, and the parties agreed to have a decision made on the record. The record before the ALJ included the medical opinions of Drs. Emory Robinette and Ben Branscomb. Dr. Robinette was Mr. Wiles' treating physician from

2

1985 through November 1999.  Dr. Branscomb, an expert retained by Eastern, reviewed Mr. Wiles' medical records from 1973 through the date of death.  Although the experts agreed that Mr. Wiles suffered from chronic obstructive pulmonary disease ("COPD"), they disagreed as to whether this condition was pneumoconiosis resulting from his coal dust exposure or an impairment deriving from his history of heavy smoking.  The ALJ gave greater weight to Dr. Robinette's records suggesting that Mr. Wiles suffered from pneumoconiosis with associated obstructive lung disease caused by coal dust exposure than to Dr. Branscomb's opinion that Mr. Wiles' lung disease was the result of his smoking history and possible prior exposure to tuberculosis.  In making this determination, the ALJ noted that although Dr. Branscomb's credentials were superior to those of Dr. Robinette's (whose credentials were not in the record), "Dr. Robinette followed Mr. Wiles for approximately ten years, seeing him frequently for treatment of his severe pulmonary problems." J.A. 15.  Further, the ALJ discredited Dr. Branscomb for failing to cite any publications that discuss tobacco use as the sole or typical cause of the specific symptoms of COPD exhibited by Mr. Wiles.

The Board affirmed these determinations and upheld the grant of survivor's benefits to Ms. Wiles.  Eastern petitioned for review of the Board's decision.

We review decisions of the Board to determine whether it properly found that the ALJ's decision was supported by substantial evidence and was in accordance with law. See Doss v. Director, OWCP, 53 F.3d 654, 658 (4th Cir. 1995). In making this determination, we conduct an independent review of the record to decide whether the ALJ's findings are supported by substantial evidence. Dehue Coal Co. v. Ballard, 65 F.3d 1189, 1193 (4th Cir. 1995). Substantial evidence is more than a mere scintilla of evidence, but only such evidence that a reasonable mind might accept as adequate to support a conclusion. Lane v. Union Carbide Corp., 105 F.3d 166, 170 (4th Cir. 1997). Subject to the substantial evidence requirement, the ALJ has the sole authority to make credibility determinations and resolve inconsistencies or conflicts in the evidence. Grizzle v. Pickands Mather & Co., 994 F.2d 1093, 1096 (4th Cir. 1993). The ALJ, however, may rely only on a medical opinion that constitutes a reasoned medical judgment. See Freeman United Coal Mining Co. v. Cooper, 965 F.2d 443, 448 (7th Cir. 1992).

To establish entitlement to black lung benefits as a qualifying surviving spouse, a claimant must prove that (1) the miner suffered from pneumoconiosis, (2) the miner's pneumoconiosis arose at least in part out of coal mine employment, and (3) that the miner's death was due to pneumoconiosis. U.S. Steel Mining Co.

v. Director, OWCP, 187 F.3d 384, 388 (4th Cir. 1999) (citing relevant regulations). A coal miner's death is considered "due to" pneumoconiosis if pneumoconiosis was a "substantially contributing cause" of the miner's death. See 20 C.F.R. § 718.205(c) (2004). We have interpreted this standard to permit a finding of causation if a claimant proves that pneumoconiosis "actually hastened the miner's death." Shuff v. Cedar Coal Co., 967 F.2d 977, 979 (4th Cir. 1992). A claimant may establish the existence of pneumoconiosis by means of (1) chest x-rays; (2) biopsy or autopsy evidence; (3) invocation of the presumptions at 20 C.F.R. §§ 718.304 - 718.306; or (4) medical opinion evidence. See 20 C.F.R. § 718.202(a).

The ALJ determined that Ms. Wiles failed to establish the existence of pneumoconiosis by x-ray evidence and that there was no biopsy or autopsy evidence. Because the presumptions of 20 C.F.R. §§ 718.304 - 718.306 are inapplicable, it is undisputed that the only basis upon which Ms. Wiles may establish that her husband suffered from pneumoconiosis is medical opinion evidence pursuant to 20 C.F.R. § 718.202(a)(4). On appeal, Eastern contends that the ALJ erred in her consideration of the medical evidence because she relied on an impermissible preference for the opinion of a treating physician and erroneously discredited the opinion of Eastern's expert.

5

Eastern first argues that the ALJ erred by invoking a presumption that Dr. Robinette's opinion as treating physician be given greater weight than the opinion of Dr. Branscomb. While we have stated "that as a general matter the opinions of treating and examining physicians deserve especial consideration," we have also clearly stated that "[n]either this circuit nor the Benefits Review Board has ever fashioned either a requirement or a presumption that treating or examining physicians' opinions be given greater weight than opinions of other expert physicians." Grizzle, 994 F.2d at 1097; see also Island Creek Coal Co. v. Compton, 211 F.3d 203, 212 (4th Cir. 2000) ("An ALJ may not discredit a physician's opinion solely because the physician did not examine the claimant."). The Supreme Court has since held as much, albeit in the context of a case involving an ERISA benefits plan. Black & Decker Disability Plan v. Nord, 538 U.S. 822, 834 (2003) ("But, we hold, courts have no warrant to require administrators automatically to accord special weight to the opinions of a claimant's physician; nor may courts impose on plan administrators a discrete burden of explanation when they credit reliable evidence that conflicts with a treating physician's evaluation."). Because we are unable to discern from the record whether the ALJ did, in fact, invoke a presumption that the treating physician's opinion be given greater

weight than other expert opinions, we remand for a reweighing of the evidence based on the proper legal standard.

B.

Eastern also argues that the ALJ erred in discrediting Dr. Branscomb's opinion for failing to cite published material.  We require that the ALJ give sufficient reasons for crediting or discrediting an expert opinion.  <u>Milburn Colliery Co. v. Hicks</u>, 138 F.3d 524, 533 (4th Cir. 1998).  Although the ALJ discredited Dr. Branscomb for failing to cite any publications that discuss tobacco use as the sole or typical cause of the specific symptoms of COPD exhibited by Mr. Wiles, the ALJ did not require any published materials to support Dr. Robinette's conclusions.  Considering the vast experience and extensive credentials of Dr. Branscomb compared to the complete absence of any credentials for Dr. Robinette, we find this appraisal wholly unsatisfactory.  <u>See</u> <u>id.</u> at 536 (stating that "experts' respective qualifications are important indicators of the reliability of their opinions"); <u>Adkins v. Director, OWCP</u>, 985 F.2d 49, 52 (4th Cir. 1992) (stating that "a primary method of evaluating the reliability of an expert's opinion is of course his expertise").  Thus, we remand for a reweighing of the conflicting medical opinions.

III.

Finding the ALJ made these errors of law, we conclude that review of this claim requires a fresh look at the evidence. Accordingly, we grant the petition for review and direct the Board to remand to a new ALJ with instructions to review the record for a determination of whether Ms. Wiles has established entitlement to survivor's benefits. See Milburn, 138 F.3d at 537. To determine whether Ms. Wiles meets her burden, the new ALJ has discretion to reopen the record.[*]

PETITION GRANTED AND REMANDED

---

[*]Because of our disposition, we need not address Eastern's contention that the ALJ relied upon an inappropriate preference for the treating physician's unexplained conclusion that Mr. Wiles' death was actually hastened by pneumoconiosis.